UNITED STATES of America, Appellee,

v.

Gregory Wayne BENSON,
Defendant, Appellant.

No. 90–1369.

United States Court of Appeals,
First Circuit.

Heard Aug. 1, 1990.

Decided Oct. 31, 1990.

James R. Bushell, Portland, Me., for defendant, appellant.

Margaret D. McGaughey, Asst. U.S. Atty., Portland, Me., with whom Richard S. Cohen, U.S. Atty., Augusta, Me., and Nicholas M. Gess, Asst. U.S. Atty., Portland, Me., were on brief, for appellee.

Before TORRUELLA and CYR, Circuit Judges, and RE,* Judge.

CYR, Circuit Judge.

Following a bench trial, appellant, Gregory Wayne Benson, was convicted of robbing the Coastal Savings Bank in Portland, Maine, and of putting the life of a bank teller in jeopardy by the use of a dangerous device, in violation of 18 U.S.C. § 2113(a) and (d).[1] 725 F.Supp. 69. Since Benson stipulated that he robbed the bank through "force, violence or intimidation," in violation of 18 U.S.C. § 2113(a),[2] the sole issue for trial was whether he would be subject to an enhancement of sentence under subsection 2113(d).[3] On appeal, Benson asserts that the district court erroneously found that he (1) used a "dangerous weap-

on" during the robbery and (2) put the bank teller's life in jeopardy. As neither contention is sound, we affirm the judgment of conviction.

Appellant admitted at trial that he entered the Coastal Savings Bank, approached a teller and told her: "This is a hold up." He informed the teller that he had a gun and then moved his left hand inside his jacket pocket, creating the impression that it contained a gun. The movement of Benson's hand inside his jacket pocket exposed a metallic object which the teller believed to be a gun. Benson denied that he either possessed or used a gun during the robbery but admitted that the object in his jacket pocket during the robbery was an army knife. Benson denied that he was carrying the army knife for use in the robbery or that he had intentionally revealed it to the teller.

The district court found that the army knife was an inherently dangerous device and that its use as a "mock gun" during the course of a bank robbery exacerbated its dangerousness. The district court further found that Benson put the teller's life in jeopardy by virtue of the fact that he possessed both the actual and the apparent ability to inflict bodily harm.

I

Appellant contends that there was an insufficient showing that he used a dangerous device during the robbery. Although he concedes that he attempted to create the impression that he possessed a gun in order to facilitate the robbery, Benson ar-

---

* The Honorable Edward D. Re, Chief Judge of the United States Court of International Trade, sitting by designation.

1. The indictment charged that the dangerous device was a gun. The district court found that the defendant did not possess a gun, but rather a knife which he pretended was a gun. Appellant concedes that any variance between the indictment and the proof was harmless.

2. Title 18, United States Code, section 2113(a), authorizes the imposition of a maximum fine of $5,000 and a maximum term of imprisonment of twenty years upon any person who, "by force and violence, or by intimidation, takes, or attempts to take, from the person or presence of

another . . . any property or money or any other thing of value belonging to, or in the care, custody, control, management, or possession of, any bank, credit union, or any savings and loan association."

3. Under 18 U.S.C. § 2113(d):

Whoever, in committing, or in attempting to commit, any offense defined in subsections (a) and (b) of this section, assaults any person, or puts in jeopardy the life of any person by the use of a dangerous weapon or device, shall be fined not more than $10,000 or imprisoned not more than twenty-five years, or both.

gues that a bank robber's mere assertion that he possesses a gun, even when accompanied by efforts to feign one, is insufficient to render a "mock gun" a dangerous device. We disagree.

A bank robber is vulnerable to a sentence enhancement under subsection 2113(d) if he uses "a dangerous weapon or *device*" in attempting or committing the crime. In other words, the instrumentality used need not be a "firearm." [4] The dangerousness of an instrumentality used in a bank robbery is not necessarily determined simply by its inherent capacity to inflict harm, but by the dangerousness of the response it may reasonably be expected to provoke on the part of persons who perceive that the instrumentality is dangerous.[5] *See McLaughlin v. United States,* 476 U.S. 16, 106 S.Ct. 1677, 90 L.Ed.2d 15 (1986); *United States v. Cannon,* 903 F.2d 849, 854–55 (1st Cir.1990).

The Supreme Court held in *McLaughlin* that an unloaded handgun was a "dangerous weapon" within the meaning of the federal bank robbery statute. *Id.* Among the grounds the Court considered "independently sufficient" to support its holding was its assessment that "the display of a gun instills fear in the average citizen [and thus] creates an immediate danger that a violent response will ensue." *Id.* at 17–18, 106 S.Ct. at 1678.[6] Following *McLaughlin*'s lead, we recently held that a toy gun similarly constitutes a "dangerous weapon" within the meaning of subsection 2113(d) because, among other reasons, " 'the robber creates a likelihood that the reasonable response of police.and guards will include the use of deadly force. The increased chance of an armed response creates a greater risk to the physical security

of victims, bystanders, and even the perpetrators.' " *United States v. Cannon,* 903 F.2d 849, 854–55 (1st Cir.1990) (quoting *Martinez–Jiminez,* 864 F.2d at 666–667).

Appellant attempts to distinguish the present case on the ground that the dangerousness discussed in *McLaughlin* and *Cannon* arose from the perpetrators' open display of weapons, which was much more likely to provoke a violent response; whereas the device used by Benson was hidden and therefore less likely to create a dangerous situation. We are unpersuaded by appellant's fine distinction between a peek and a display.

Subsection 2113(d) is not concerned with the manner in which the dangerous weapon or device is displayed, *see Martinez–Jiminez,* 864 F.2d at 667, but with whether its use jeopardizes human life. Benson announced to the teller that he had a gun and then placed his hand in his pocket in a menacing manner, revealing a metallic object which the teller, who was familiar with weapons, reasonably believed to be a gun. The verbal announcement and peek preview were sufficient to create an "immediate danger that a violent response [would] ensue," *McLaughlin,* 476 U.S. at 18, 106 S.Ct. at 1678, as, for example, from the use of deadly force by guards or police, *Cannon,* 903 F.2d at 855. There was a sufficient showing that Benson used a "dangerous device" during the bank robbery.

## II

Appellant's second contention is that the district court erroneously found that he put the teller's life in jeopardy. Benson argues that a mere showing that a person was placed in fear is insufficient to establish

---

**4.** The use, or unlawful carrying, of a "firearm" during the commission of a bank robbery is a more serious offense, punishable under 18 U.S.C. § 924(c).

**5.** The debate surrounding the adoption of what is now section 2113 evinces congressional concern for the dangerousness of the *effects* of the robber's use of a device, not merely the inherent dangerousness of the device. *See* 78 Cong.Rec. 8132 (1934) (provision would cover use of a bottle of water which robber claimed to be

nitroglycerin); *see also Martinez–Jiminez,* 864 F.2d 664, 667 (9th Cir.1989).

**6.** The Supreme Court's construction accords with the legislative history of what is now subsection 2113(d) which makes clear that the statutory language was intended to include a "device or such instrumentality [as is] intended to instill fear." *See* 78 Cong.Rec. 8132 (1934) (colloquy among Reps. Dockweiler, Blanton and Sumners). *See also* note 5 *supra.*

"jeopardy" within the meaning of subsection 2113(d); there must be a showing that the person's life was placed in actual danger. The Eighth Circuit has concluded that, "[u]nless placing in jeopardy can be said to mean more than placing in fear, then nothing has been added to § 2113(d) over § 2113(a) to explain or justify the enhanced punishment which subdivision (d) permits." *United States v. Thomas*, 521 F.2d 76, 81 (8th Cir.1975). *See also United States v. Marshall*, 427 F.2d 434, 437–38 (2d Cir.1970) (same); *United States v. Roach*, 321 F.2d 1, 5 (3d Cir.1963); *United States v. Burger*, 419 F.2d 1293, 1294 (5th Cir.1969); *United States v. Roustio*, 455 F.2d 366, 371 (7th Cir.1972); *Morrow v. United States*, 408 F.2d 1390, 1391 (8th Cir.1969); *United States v. Coulter*, 474 F.2d 1004, 1005 (9th Cir.1973) (all holding that § 2113(d) requires that a person's life be placed in an objective state of danger); *but see United States v. Shelton*, 465 F.2d 361, 362 (4th Cir.1972) ("puts in jeopardy" provision requires proof only of apparent, not actual, danger); *United States v. Spedalieri*, 910 F.2d 707, 710 (10th Cir.1990) (§ 2113(d) requires that robber place person "in reasonable expectation of death or serious bodily injury").

We have yet to address the meaning of the "jeopardy" provision in subsection 2113(d), nor need we define its scope today. By its express language, subsection 2113(d) applies whenever a person's life is placed in actual danger by the use of a dangerous device. During the robbery, appellant used an army knife as a dangerous weapon by informing the teller that he had a gun and, at the same time, moving his hand inside his pocket, revealing a metallic object which the teller reasonably believed to be a gun; "a dangerous weapon or device." The fact that the object in Benson's pocket was a knife, perhaps itself a dangerous instrumentality, though an independently sufficient predicate for a sentence

enhancement under subsection 2113(d), is not a necessary one. Benson's use of the "mock gun" during the bank robbery was calculated and could reasonably be expected to instill fear in the teller, creating an immediate danger that a violent response would be forthcoming, *see McLaughlin*, 476 U.S. at 18, 106 S.Ct. at 1678; *Cannon*, 903 F.2d at 854–55, which would put in jeopardy the lives of the teller and other persons at the robbery scene, even including appellant.[7]

*Affirmed.*

---

7. Appellant argues that we destroy the distinction between subsections 2113(a) and (d) by employing essentially the same reasoning to determine whether the device used in the robbery was *dangerous* and whether the teller's life was put in jeopardy. We disagree. Subsection

2113(d) requires a showing that the robber used a dangerous device, as a condition precedent to the imposition of an enhanced sentence. Thus, subsection 2113(d) would not apply where there was *no more than a threat to use violence* and no dangerous device was used.