**UNITED STATES of America, Appellee,**

v.

**Jerry Lee GLASENER, Jr., Appellant.**

**No. 92–1976.**

United States Court of Appeals, Eighth Circuit.

Submitted Sept. 15, 1992.

Decided Dec. 3, 1992.

Lee Lawless, St. Louis, MO, argued, for appellant.

Joseph M. Landolt, St. Louis, MO, argued, for appellee.

Before JOHN R. GIBSON, BEAM, and MORRIS SHEPPHARD ARNOLD, Circuit Judges.

---

JOHN R. GIBSON, Circuit Judge.

Jerry Lee Glasener, Jr. appeals from a sentence imposed on him after he pled guilty to a charge of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) (1988). He was sentenced to a term of eighty-eight months imprisonment, to run consecutively to a sentence imposed on him for violating the terms of his supervised release on an earlier charge. Glasener argues that imposing a consecutive sentence, instead of concurrent, violates section 5G1.3(b) [1] of the United States Sentencing Guidelines. United States Sentencing Commission, *Guidelines Manual*, § 5G1.3(b) (Nov.1991). We affirm.

In 1989, Glasener was convicted of possessing an unregistered firearm and sentenced to a term of thirty-three months imprisonment, followed by a term of three years supervised release. While Glasener was on supervised release, he was charged with and pled guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). This conduct violated the terms of his supervised release and was a crime in its own right; therefore, Glasener was required to appear before two separate courts.

On April 9, 1992, Glasener appeared before a district judge [2] and admitted that he had violated the terms of his supervised release. The court revoked his supervised release and sentenced him to twenty-four months imprisonment for the supervised release violation. The following day, April 10, 1992, a district judge [3] sentenced Glasener to eighty-eight months imprisonment on the felon in possession of a firearm charge. The court ordered that the felon in possession of a firearm sentence be served consecutively to the supervised release violation sentence that was imposed on April 9.

Glasener argues that the district court failed to consider and apply section 5G1.3(b), and thus, erred in ordering that the April 10 sentence run consecutively to the April 9 sentence. Glasener, however, recognizes that if the sentences had been imposed in the opposite order, section 7B1.3(f) [4] would apply and the sentences would run consecutively. U.S.S.G. § 7B1.3(f). Nevertheless, he argues that applying section 7B1.3(f) in this situation would create a conflict between the chapter 5 guidelines and the chapter 7 policy statements, and the guidelines would control over the policy statements.

We note at the outset that Glasener failed to properly raise this issue before either district court during either of his sentencing proceedings. On April 9, the district court specifically asked what the practical consequences were of sentencing for the supervised release violation before sentencing for the felon in possession of a firearm charge. Glasener's counsel indicated that the district court that was sentencing for the felon in possession of a firearm charge would have the discretion to impose a consecutive or concurrent sentence. The court went on to try and clarify whether there was some "great advan-

1. Section 5G1.3(b) provides:

   If subsection (a) does not apply, and the undischarged term of imprisonment resulted from offense(s) that constituted part of the same course of conduct as the instant offense and have been fully taken into account in the determination of the offense level for the instant offense, or if the prior undischarged term of imprisonment resulted from a federal offense and was imposed pursuant to the Sentencing Reform Act, the sentence for the instant offense shall be imposed to result in a combined sentence equal to the total punishment that would have been imposed under § 5G1.2 (Sentencing on Multiple Counts of Conviction) had all the sentences been imposed at the same time.

2. The Honorable William L. Hungate, United States District Court for the Eastern District of Missouri, retired June 30, 1992.

3. The Honorable George F. Gunn, United States District Court for the Eastern District of Missouri.

4. Section 7B1.3(f) provides:

   Any term of imprisonment imposed upon the revocation of probation or supervised release shall be ordered to be served consecutively to any sentence of imprisonment that the defendant is serving, whether or not the sentence of imprisonment being served resulted from the conduct that is the basis of the revocation of probation or supervised release.

tage" for Glasener to be sentenced on the supervised release violation before the felon in possession of a firearm charge. Glasener's counsel said nothing to set the record straight.

■ More importantly, on April 10, Glasener's counsel told the district court:

You have today the discretion to impose sentence either concurrent to [the April 9] sentence or consecutive to that sentence. I would ask you just I think probably more as an act of mercy more than anything else at this point to impose that sentence as a concurrent sentence.

Transcript of Sentencing, at 13. Counsel later reiterated that the court had "the option as to whether or not to make [the sentence] concurrent [or] consecutive and I would ask that you make it a concurrent sentence." Once the consecutive sentence had been imposed, the court asked if Glasener knew "of any legal reason why that sentence should not be imposed," and Glasener's counsel responded that he knew of "[n]o legal reason." As no objection was made, we could simply affirm the sentence on the basis that Glasener failed to preserve the error and has not demonstrated plain error. *See United States v. Posters 'N' Things Ltd.*, 969 F.2d 652, 663 (8th Cir.1992) (agreeing that district court should have imposed the mandatory minimum sentence under the Sentencing Guidelines, but declining to remand for resentencing because the government failed to make a timely objection); *United States v. Carnes*, 945 F.2d 1013, 1014 (8th Cir.1991) (reviewing for plain error when defendant did not object to court's failure to depart from Sentencing Guidelines and court's order that sentences run consecutively); *United States v. Fritsch*, 891 F.2d 667, 668 (8th Cir.1989) (conducting a plain error review because defendant failed to object to the validity of the Sentencing Guidelines).

■ Even assuming the error was preserved, however, we conclude that the district court did not err in its reading of the Sentencing Guidelines. Assuming also that Glasener could meet the section 5G1.3(b) requirements, his argument regarding the "conflict" between chapters 5 and 7 fails for two reasons. First, we do not believe the two chapters conflict. Sec-

ond, Glasener's argument is based, in part, on the technicality that he was sentenced for the supervised release violation before he was sentenced for the felon in possession of a firearm charge. The mere order in which the sentences were imposed does not alter the result that is required under 18 U.S.C.A. § 3583(e)(3) (West Supp.1992) and chapter 7 of the Sentencing Guidelines.

Section 3583(e)(3) states that when a supervised release violation occurs, the court may "revoke a term of supervised release, and require the person to serve in prison all or part of the term of supervised release ... pursuant to ... the applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3583(e)(3). The "applicable policy statements" are contained in chapter 7 of the Sentencing Guidelines.

Chapter 7 explains that the Commission considered two approaches to sanctioning violations of supervised release. U.S.S.G. Ch. 7, Pt. A, intro. comment. The first option deemed the violation a "breach of trust." *Id.* The sentence imposed for the breach would sanction the violator for failing to abide by the supervised release conditions, considering the underlying conduct to determine the severity of the breach, but leaving the punishment of any new criminal conduct to the court responsible for imposing the specific sentence for that offense. *Id.* The second option focused specifically on sanctioning the particular conduct that led to the violation under chapters 2 and 3, providing for an increase in the criminal history category under chapter 4. *Id.* The Commission adopted the "breach of trust" approach and rejected the second option because it was:

inconsistent with [the Commission's] views that the court with jurisdiction over the criminal conduct leading to revocation is the more appropriate body to impose criminal punishment for that new criminal conduct, and that, as a breach of trust inherent in the conditions of supervision, the sanction for the violation of trust should be in addition, or *consecutive*, to any sentence imposed for the new conduct.

*Id.* (emphasis added).

We have no doubt that if the sentences had been imposed in the opposite order or

at the same time, the district court could have properly ordered that they run consecutively under section 7B1.3. Imposing the supervised release sentence first in this case does not change the result. In fact, the introductory comments to part B of chapter 7 explicitly state that "[i]t is the policy of the Commission that the sanction imposed upon revocation is to be served consecutively to any other term of imprisonment imposed for any criminal conduct that is the basis of the revocation." U.S.S.G., Ch. 7, Pt. B, intro. comment; *see also* U.S.S.G. § 7B1.3(f), comment. (n. 5) (recommending that "any sentence of imprisonment for a criminal offense that is imposed after revocation of ... supervised release be run consecutively to any term of imprisonment imposed upon revocation"). The district court, therefore, did not err in ordering that the sentences run consecutively.

We affirm the sentence of the district court.