UNITED STATES of America, Appellee,

v.

Robert Derek BELL, also known as
Jimmy R. Johnson, Appellant.

No. 93–2964.

United States Court of Appeals,
Eighth Circuit.

Submitted Dec. 14, 1993.

Decided Dec. 29, 1993.

R. Thomas Day, Asst. Federal Public Defender, St. Louis, MO, for appellant.

Suzanne Modlin, Asst. U.S. Atty., St. Louis, MO, for appellee.

Before McMILLIAN, HANSEN,
MORRIS SHEPPARD ARNOLD, Circuit
Judges.

PER CURIAM.

Robert Derek Bell appeals the sentence imposed by the district court[1] after he pleaded guilty to robbing a bank, in violation of 18 U.S.C. § 2113(a). We affirm.

When committing the robbery, Bell, disguised as a woman, handed a teller at the bank a demand note stating, "This is a robbery I want $5,000 in 100's and 50's. Pass them to me as if I'm cashing a check. Make any sudden moves alert anyone I'll pull the pistol in this purse and the shooting will start! It's up to you now!" Bell committed the robbery while he was on supervised release. After he pleaded guilty, but before sentencing, his supervised release was revoked and he was sentenced to four concurrent terms of 18 months imprisonment for violating the terms of his supervised release.

The presentence report (PSR) indicated a base offense level of 20, and recommended a two-level increase pursuant to U.S.S.G. § 2B3.1(b)(1) because property of a financial institution was stolen, a two-level increase pursuant to U.S.S.G. § 2B3.1(b)(2)(F) because an express threat of death was made during the robbery, and a three-level reduction for acceptance of responsibility, resulting in a total offense level of 21. With a criminal history category of V, the Guidelines range was 70 to 87 months.

At sentencing, the district court determined that the note Bell passed to the teller constituted an express threat of death which authorized a two-level increase in the base offense level, and that "a consecutive sentence, if not required, is certainly appropriate in this situation" under U.S.S.G. §§ 5G1.3 and 7B1.3, p.s. The court sentenced Bell to 75 months imprisonment, to run consecutively to the sentence imposed for violating the terms of his supervised release, to be followed by a two-year term of supervised release.

1. The Honorable Carol E. Jackson, United States District Judge for the Eastern District of Missouri.

Bell now argues that the district court erred in increasing his base offense level by two levels pursuant to section 2B3.1(b)(2)(F). Bell also argues that the district court erred in imposing his sentence to run consecutively to the sentence imposed for violating the supervised release because for the sentence to "achieve a reasonable incremental punishment for the instant offense," *see* U.S.S.G. § 5G1.3(c), it should at least run concurrently in part to the sentence imposed for violating the supervised release.

We review de novo a district court's interpretation of the Sentencing Guidelines. *See United States v. Mills*, 987 F.2d 1311, 1315 (8th Cir.), *cert. denied,* —— U.S. ——, 114 S.Ct. 403, 126 L.Ed.2d 351 (1993). We conclude that the note Bell handed to the teller expressed a sufficient immediate threat of death to warrant the two-level increase, *see United States v. Smith*, 973 F.2d 1374, 1378 (8th Cir.1992), and that the district court did not err in imposing a consecutive sentence. *See United States v. Glasener*, 981 F.2d 973, 975–76 (8th Cir.1992).

Accordingly, the sentence imposed by the district court is affirmed.