21 F.3d 425
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Howard Bryan HARMON, Jr., Defendant-Appellant.
 No. 93-5553.
 United States Court of Appeals, Fourth Circuit.
 Submitted March 15, 1994.
Decided April 20, 1994.
 
 Appeal from the United States District Court for the Western District of Virginia, at Abingdon. Samuel G. Wilson, District Judge. (CR-93-10-A)
 Mark Branch Fenyk, Marion, VA, for appellant.
 Robert P. Crouch, Jr., United States Attorney, S. Randall Ramseyer, Assistant United States Attorney, Abingdon, VA, for appellee.
 W.D.Va.
 AFFIRMED.
 Before HALL and WILKINSON, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Howard Bryan Harmon, Jr., pled guilty to being a felon in possession of a firearm in violation of 18 U.S.C.A.Sec. 922(g)(1) (West Supp.1993). The offense was committed while Harmon was serving a state probationary sentence for a drug offense. At the time he was sentenced for the instant offense, his state probation for a prior drug offense had been revoked and a five year term of imprisonment imposed. Harmon was sentenced to a term of 96 months for the federal felon-in-possession conviction. He appeals this sentence, alleging that the district court misapplied guideline section 5G1.3[1] when it refused to make his federal sentence concurrent with his unexpired state sentences. We affirm.
 
 
 2
 At the federal sentencing hearing, Harmon's attorney asked that his federal sentence be made concurrent to his state sentences. After considering the three subsections of U.S.S.G. Sec. 5G1.3 (Imposition of a Sentence on a Defendant Subject to an Undischarged Term of Imprisonment), the district court decided that section 5G1.3 did not apply because Harmon was to serve his federal sentence first. The court stated that, if section 5G1.3 did apply, it would not run the sentences concurrently, partly because one of Harmon's state sentences was a probation revocation sentence. It decided not to attempt to determine what the total punishment would have been had all the sentences been imposed together under section 5G1.3, see U.S.S.G. Sec. 5G1.3, comment. (n.3), to avoid complicating the sentencing process.
 
 
 3
 Under 18 U.S.C.A. Sec. 3584(a) (West 1985), a sentencing court has the authority to make the defendant's federal sentence consecutive to or concurrent with any undischarged sentence previously imposed. However, guideline section 5G1.3 provides guidance for sentencing a defendant subject to an undischarged sentence. The court must follow the procedures for a departure from the guidelines if it imposes a sentence different from that required by the guidelines. United States v. Rogers, 897 F.2d 134, 137 (4th Cir.1990).
 
 
 4
 Because Harmon was subject to an undischarged term of imprisonment when his federal sentence was imposed, guideline section 5G1.3 clearly applied. Under section 5G1.3(c), the pertinent subsection, the district court was required to impose a consecutive sentence "to the extent necessary to achieve a reasonable incremental punishment for the instant offense." A "reasonable incremental punishment" is intended to approximate "the sentence that would have been imposed had all the sentences been imposed at the same time." U.S.S.G. Sec. 5G1.3, comment. (backg'd).[2]
 
 
 5
 Harmon's longest prior sentence resulted from a revocation of state probation. The policies set out in Chapter Seven of the guidelines concerning sanctions for revocation of federal probation and supervised release should be used to determine the appropriate sentence for a state probation revocation. The policy is stated in the introductory commentary to Part B of Chapter Seven: "It is the policy of the Commission that the sanction imposed upon revocation is to be served consecutively to any other term of imprisonment imposed for any criminal conduct that is the basis of the revocation." See also U.S.S.G. Sec. 7B1.3(f), p.s., & comment. (n.5). The probation revocation sentence and the sentence for the instant offense should be served consecutively, regardless of which sentence is imposed first. Id.; United States v. Glasener, 981 F.2d 973, 975 (8th Cir.1992).
 
 
 6
 Thus, although it did not apply section 5G1.3(c), the district court correctly decided that Harmon's federal sentence should not be concurrent with his state probation revocation sentence.[3] The calculation of Harmon's sentence was not likely affected by the court's failure to approximate the total punishment which would have been due had Harmon's other state offenses been federal offenses sentenced together with the instant offense because the other offenses were relatively minor.[4]
 
 
 7
 The judgment of the district court is therefore affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 [1]
 United States Sentencing Commission, Guidelines Manual (Nov.1992)
 
 
 [2]
 The intent of section 5G1.3 has been clarified by the November 1993 amendment to the commentary. A new application note provides that, if the defendant was on probation at the time of the instant offense, and his probation has been revoked, the sentence for the instant offense should be imposed to be served consecutively to the revocation term. U.S.S.G. Sec. 5G1.3, comment. (n.4) (Nov.1993)
 
 
 [3]
 The district court could have specified in the judgment and commitment order that the sentence should not run concurrently with any sentence previously imposed, thus precluding the state from letting Harmon serve his state sentence concurrently with his federal sentence, should it wish to do so. See United States v. Ballard, 6 F.3d 1502, 1507-10 (11th Cir.1993). However, the government does not object to the sentence imposed, and we do not address the issue
 
 
 [4]
 The other offenses were: two convictions for driving after being adjudicated a habitual offender and a conviction for driving while intoxicated