**UNITED STATES of America, Appellee,**

v.

**Douglas E. CADOTTE, Appellant.**

No. 94–3837.

United States Court of Appeals, Eighth Circuit.

Submitted June 1, 1995.

Decided June 12, 1995.

Phil MacTaggart, North Liberty, IA, for appellant.

Janet L. Papenthien, Asst. U.S. Atty., Cedar Rapids, IA, for appellee.

Before BOWMAN, WOLLMAN, and MORRIS SHEPPARD ARNOLD, Circuit Judges.

PER CURIAM.

Douglas Cadotte appeals the sentence imposed by the District Court[1] after he pleaded guilty to bank robbery, in violation of 18 U.S.C. § 2113(a) (1988). We affirm.

■ Cadotte entered the Marshalltown Savings Bank in Toledo, Iowa, approached a teller and said "This is a robbery." When the teller looked up at him doubtfully, Ca-

---

1. The Honorable Michael J. Melloy, Chief Judge, United States District Court for the Northern District of Iowa.

dotte repeated his statement and told her he had a .357 magnum in his pocket and "no one will get hurt" if she put the money in the bag that had been placed on the counter.

At sentencing, Cadotte objected to the application of a two-level enhancement under U.S.S.G. § 2B3.1(b)(2)(F) (1994) for the use of an express threat of death. The District Court overruled his objection, and sentenced him to 78 months imprisonment and 3 years supervised release, and ordered restitution in the amount of $7932, the amount taken from the bank. On appeal, Cadotte contends his statements did not constitute an express threat of death, and he neither intended to, nor did he, instill significantly greater fear than necessary to carry out the robbery.

■ We review *de novo* the District Court's interpretation of the Guidelines. *United States v. Bell*, 12 F.3d 139, 140 (8th Cir.1993) (per curiam). The District Court should increase a defendant's offense level by two levels "if an express threat of death was made" during a robbery. *See* U.S.S.G. § 2B3.1(b)(2)(F). The threat may consist of an oral or written statement, an act, a gesture, or a combination thereof. U.S.S.G. § 2B3.1, comment. (n.6). The enhancement applies where the offender's conduct would instill in a reasonable victim "significantly greater fear than that necessary to constitute an element of the offense of robbery." *Id.*

■ We think Cadotte's behavior fell within the range of conduct described in *United States v. Smith*, 973 F.2d 1374, 1375 (8th Cir.1992), and *Bell*, 12 F.3d at 139–140. Whether Cadotte actually had a gun is irrelevant. *See* U.S.S.G. § 2B3.1(b)(2)(A–E) (providing for specific enhancements in cases where weapon present); *United States v. Hunn*, 24 F.3d 994, 997 n. 5 (7th Cir.1994). Whether he intended to, or did, instill a fear of death in the teller is also immaterial. The enhancement does not require a subjective finding of the defendant's intent in making the threat, nor does it require an actual finding of the level of fear instilled by the threat. *See* U.S.S.G. § 2B3.1, comment. (n.6); *Hunn*, 24 F.3d at 998 (court should apply objective test in deciding whether enhancement applies). We conclude the Dis-

trict Court properly applied the enhancement.

Accordingly, the judgment of the District Court is affirmed.

MORRIS SHEPPARD ARNOLD, Circuit Judge, dissenting.

If the word "express" is to be accorded any meaning at all, I do not think that Cadotte's words and actions here can reasonably be said to constitute an "express threat of death," U.S.S.G. § 2B3.1(b)(2)(F). What was conveyed here was, at most, an implicit threat of serious bodily injury or death. No doubt that is a reprehensible activity that deserves punishment. But whatever else it may be, it is not an express threat of death.

I therefore respectfully dissent.