_____

No. 96-1213
_____

United States of America,          *
                                   *
          Appellee,                *
                                   *   Appeal from the United States
     v.                            *   District Court for the
                                   *   Eastern District of Missouri.
Stephen Lamont Collins,            *
                                   *        [UNPUBLISHED]
          Appellant.              *

_____

        Submitted:  June 12, 1996

          Filed:  June 27, 1996
_____

Before BEAM, LOKEN, and MORRIS SHEPPARD ARNOLD, Circuit Judges.
_____

PER CURIAM.

        Stephen Lamont Collins pleaded guilty to robbing a credit union, in
violation of 18 U.S.C. § 2113(a), and the district court[1] sentenced him to
51 months imprisonment and three years supervised release.  On appeal,
Collins argues the court erred by assessing a three-level enhancement for
brandishing, displaying, or possessing a dangerous weapon under U.S.S.G.
§ 2B3.1(b)(2)(E).  We affirm.

        We review de novo the district court's interpretation of the
Guidelines.  United States v. Cadotte, 57 F.3d 661, 662 (8th Cir. 1995)
(per curiam), cert. denied, 116 S. Ct. 783 (1996).  A defendant's offense
level should be increased by three levels "if a dangerous weapon was
brandished, displayed, or possessed."  U.S.S.G. § 2B3.1(b)(2)(E).  A
dangerous weapon is any "instrument

_____

[1]The Honorable Carol E. Jackson, United States District Judge
for the Eastern District of Missouri.

capable of inflicting death or serious bodily injury." U.S.S.G. § 1B1.1, comment. (n.1(d)). Furthermore, if "an object that appeared to be a dangerous weapon was brandished, displayed, or possessed," it should be treated "as a dangerous weapon for purposes of subsection (b)(2)(E)." U.S.S.G. § 2B3.1, comment. (n.2).

Collins stipulated that his co-defendant, while robbing the credit union, "had a brown cloth over one of his hands, so that it appeared to be a small-framed handgun." Thus, we conclude the district court did not err by assessing the enhancement. See United States v. Dixon, 982 F.2d 116, 122-23 (3d Cir. 1992) (affirming dangerous-weapon enhancement for defendant bank robber who draped hand with towel), cert. denied, 508 U.S. 921, 927 (1993); see also United States v. Benson, 918 F.2d 1, 3 (1st Cir. 1990) ("dangerousness of an instrumentality used in a bank robbery is not necessarily determined simply by its inherent capacity to inflict harm, but by the dangerousness of the response it may reasonably be expected to provoke on the part of the persons who perceive that the instrumentality is dangerous").

The judgment is affirmed.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.