89 F.3d 841
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
UNITED STATES of America, Appellee,
v.
Stephen Lamont COLLINS, Appellant.
 No. 96-1213.
 United States Court of Appeals, Eighth Circuit.
 Submitted: June 12, 1996.
Filed: June 27, 1996.
 
 Before BEAM, LOKEN, and MORRIS SHEPPARD ARNOLD, Circuit Judges.
 PER CURIAM.
 
 
 1
 Stephen Lamont Collins pleaded guilty to robbing a credit union, in violation of 18 U.S.C. § 2113(a), and the district court[1] sentenced him to 51 months imprisonment and three years supervised release. On appeal, Collins argues the court erred by assessing a three-level enhancement for brandishing, displaying, or possessing a dangerous weapon under U.S.S.G. § 2B3.1(b)(2)(E). We affirm.
 
 
 2
 We review de novo the district court's interpretation of the Guidelines. United States v. Cadotte, 57 F.3d 661, 662 (8th Cir.1995) (per curiam), cert. denied, 116 S.Ct. 783 (1996). A defendant's offense level should be increased by three levels "if a dangerous weapon was brandished, displayed, or possessed." U.S.S.G. § 2B3.1(b)(2)(E). A dangerous weapon is any "instrument capable of inflicting death or serious bodily injury." U.S.S.G. § 1B1.1, comment. (n.1(d)). Furthermore, if "an object that appeared to be a dangerous weapon was brandished, displayed, or possessed," it should be treated "as a dangerous weapon for purposes of subsection (b)(2)(E)." U.S.S.G. § 2B3.1, comment. (n.2).
 
 
 3
 Collins stipulated that his co-defendant, while robbing the credit union, "had a brown cloth over one of his hands, so that it appeared to be a small-framed handgun." Thus, we conclude the district court did not err by assessing the enhancement. See United States v. Dixon, 982 F.2d 116, 122-23 (3d Cir.1992) (affirming dangerous-weapon enhancement for defendant bank robber who draped hand with towel), cert. denied, 508 U.S. 921, 927 (1993); see also United States v. Benson, 918 F.2d 1, 3 (1st Cir.1990) ("dangerousness of an instrumentality used in a bank robbery is not necessarily determined simply by its inherent capacity to inflict harm, but by the dangerousness of the response it may reasonably be expected to provoke on the part of the persons who perceive that the instrumentality is dangerous").
 
 
 4
 The judgment is affirmed.
 
 
 
 [1]
 The Honorable Carol E. Jackson, United States District Judge for the Eastern District of Missouri