United States Court of Appeals
FOR THE EIGHTH CIRCUIT
No. 97-3949

United States of America,　　　　　　　*
　　　　　　　　　　　　　　　　　　*
　　　　　Appellee,　　　　　　　　*
　　　　　　　　　　　　　　　　　　*
　　　v.　　　　　　　　　　　　*　Appeal from the United States
　　　　　　　　　　　　　　　　　　*　District Court for the Eastern
Floyd Tolen, Also Known as Cass,　*　District of Missouri.
　　　　　　　　　　　　　　　　　　*
　　　　　Appellant.　　　　　　　*

_____

Submitted:　April 14, 1998

Filed:　May 8, 1998

_____

Before WOLLMAN, BEAM, and MORRIS SHEPPARD ARNOLD, Circuit Judges.

_____

MORRIS SHEPPARD ARNOLD, Circuit Judge.

The single issue raised in this appeal is whether the district court clearly erred in finding that Floyd Tolen made an "express threat of death" against a teller when Mr. Tolen robbed a bank in St. Louis, and was therefore subject to a two-level increase in offense level under the relevant federal sentencing guideline. See U.S.S.G. § 2B3.1(b)(2)(F). We hold that the district court's finding was clearly erroneous, vacate the sentence, and remand the case to the district court for resentencing.

I.

Viewing the evidence adduced at trial in a light most favorable to the district court's disputed finding, Mr. Tolen approached the teller in the bank and, with his left hand hidden from view beneath the counter, demanded that the teller "place the cash in the bag and no one will get hurt." We are of the view that the facts of the present case are sufficiently different from any of our previous cases to make it legally distinguishable from them.

In United States v. Bell, 12 F.3d 139, 139-40 (8th Cir. 1993) (per curiam), we upheld an increase in offense level under U.S.S.G. § 2B3.1(b)(2)(F) when a bank robber threatened a teller that if he made "any moves ... I'll pull the pistol in this purse and the shooting will start!" We affirmed a like increase when the evidence established that a bank robber had told a teller that he had a .357 magnum in his pocket and that "no one will get hurt" if she gave him the money that he demanded. See United States v. Cadotte, 57 F.3d 661, 661-62 (8th Cir. 1995) (per curiam), cert. denied, 116 S. Ct. 783 (1996). A final authority, and perhaps the one most apposite, is United States v. Smith, 973 F.2d 1374, 1377 (8th Cir. 1992), a case in which the defendant made a threatening statement while "placing his hand under his coat as if he was holding a gun." We held that the district court had correctly enhanced the sentence in these circumstances. Id. at 1375, 1377, 1379.

In all of these cases, the robber either brandished a weapon or claimed (expressly or implicitly) to have one. In the present case, we cannot say that the fact that Mr. Tolen's left hand was out of view, deliberately or not, can support a finding that he was asserting that he was armed. The district court's finding that Mr. Tolen's hand was in his pocket is not supported by the record, and, even if it were, we are not at all sure that that conduct would amount to an "express threat of death." We are clear, however, that such findings as the record does in fact support will not warrant an increase in the offense level under the relevant guideline in this case. Mr. Tolen, at most, implicitly

threatened to harm the teller, but there was no colorable threat of death, express or implied.

## II.

The sentence is therefore vacated and the case is remanded for further procedures not inconsistent with this opinion.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.