# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 98-3292

_____

United States of America,    *
            *
    Appellee,     *
            *  Appeal from the United States
  v.         *  District Court for the
            *  Eastern District of Missouri.
Kevin Savage,      *
            *    [UNPUBLISHED]
    Appellant.    *

_____

Submitted:  November 1, 1999
Filed:   November 4, 1999

_____

Before BEAM, LOKEN, and MORRIS SHEPPARD ARNOLD, Circuit Judges.

_____

PER CURIAM.

After Kevin Savage pleaded guilty in 1990 to possessing with the intent to distribute phencyclidine (PCP), in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B)(iv), he was sentenced to 80 months imprisonment and 4 years supervised release.  In March 1997, while Savage was serving his supervised release, the district court[1] revoked it based in part on his June 1996 arrest for possessing approximately 285 grams of liquid PCP, and sentenced him to 21 months imprisonment and 2 years supervised release.

_____

[1]The Honorable Charles A. Shaw, United States District Judge for the Eastern District of Missouri.

In December 1997, Savage was indicted in the instant case for his possession of the liquid PCP in 1996. Following his guilty plea in June 1998 to possessing with the intent to distribute PCP, the district court[2] sentenced him to 87 months imprisonment, to be served consecutively to his revocation sentence, and 5 years supervised release.

On appeal counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), challenging the district court's decision to impose Savage's sentence in the instant case consecutively to the sentence imposed upon revocation of his supervised release, because both sentences are based primarily on the same conduct. Savage filed a pro se supplemental brief in which he argues that he was denied effective assistance of counsel before the district court; that his sentence was based on an erroneous quantity and purity of PCP; and that the government withheld exculpatory evidence, and failed to file an information pursuant to 21 U.S.C. § 851.

We conclude these arguments lack merit. Counsel's sentencing argument fails, because the district court properly imposed Savage's sentence to run consecutively to his revocation sentence. See U.S. Sentencing Guidelines Manual § 5G1.3, comment. (n. 6.) (1998); United States v. Bell, 12 F.3d 139, 139-40 (8th Cir. 1993) (per curiam); United States v. Glasener, 981 F.2d 973, 976 (8th Cir. 1992). We also conclude Savage's ineffective-assistance claim would be more appropriately raised in a 28 U.S.C. § 2255 action before the district court. See United States v. Logan, 49 F.3d 352, 361 (8th Cir. 1995). We review Savage's drug quantity challenge only for plain error as he failed to raise the issue below, see Fritz v. United States, 995 F.2d 136, 137 (8th Cir. 1993), cert. denied, 510 U.S. 1075 (1994), and we conclude the district court did not plainly err because its drug quantity finding is based on the unchallenged drug quantity calculation contained in the PSR, see United States v. Beatty, 9 F.3d 686, 690 (8th Cir. 1993). Finally, Savage's guilty plea forecloses his argument that the

---

[2]The Honorable Jean C. Hamilton, Chief Judge, United States District Court for the Eastern District of Missouri.

government withheld exculpatory evidence, see United States v. Fitzhugh, 78 F.3d 1326, 1330 (8th Cir.), cert. denied, 117 S. Ct. 256 (1996), and section 851 is not applicable as enhanced statutory penalties were not applied to Savage, see 21 U.S.C. §§ 841(b)(1)(B), 851.

In accordance with Penson v. Ohio, 488 U.S. 75, 80 (1988), we have reviewed the record for any nonfrivolous issues and have found none.

Accordingly, we affirm.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.