# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 01-2454

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| | * | District Court for the Western |
| v. | * | District of Missouri. |
| | * | |
| Christopher R. Luersen, | * | [PUBLISHED] |
| | * | |
| Appellant. | * | |

_____

Submitted: January 15, 2002

Filed: January 24, 2002

_____

Before BOWMAN, FAGG, and MORRIS SHEPPARD ARNOLD, Circuit Judges.

_____

PER CURIAM.

Christopher R. Luersen pleaded guilty to violations of 18 U.S.C. §§ 2113(a), 2312 for attempting to rob a bank and driving a stolen van across state lines. At sentencing, the bank teller testified that Luersen's demand note stated either "give me all your money or I will kill you or give me all your money or you will die." The first presentence investigation report (PSR) noted Luersen had two earlier convictions for burglary and escape, enhanced Luersen's base offense level by two levels for threatening the bank teller with death, and concluded the appropriate sentencing range was 41 to 51 months imprisonment. This Court then issued United States v. Nation, 243 F.3d 467, 472 (8th Cir. 2001), which held that escape is categorically a

crime of violence.  The probation department submitted an addendum to the PSR concluding that under Nation, Luersen had two earlier crimes of violence (burglary and escape) and was subject to the career offender provision under § 4B1.1.  U.S. Sentencing Guidelines Manual (2000).  The sentencing range was recalculated as 151-188 months imprisonment.  Luersen objected.  The district court[*] sentenced Luersen to 151 months imprisonment for attempted robbery and a concurrent 120 months for interstate transport of a stolen vehicle.  Luersen now appeals, challenging the application of the career offender provision § 4B1.1 and the death threat enhancement § 2B3.1(b)(2)(F).  Having reviewed the district court's application of the guidelines de novo, and reviewed with due deference  the district court's factual finding of a death threat for clear error, we affirm Luersen's sentence.  United States v. Snoddy, 139 F.3d 1224, 1226-27(8th Cir. 1998).

Luersen argues the classification of his earlier escape as a crime of violence under Nation violates his due process rights and the prohibition against ex post facto laws.  Bouie v. City of Columbia, 378 U.S. 347, 352-53 (1964).  Because Nation was not an unforeseeable judicial interpretation of the sentencing guidelines, however, Luersen's arguments fail.  See Hill v. Hopkins, 245 F.3d 1038, 1039 (8th Cir.), cert. denied, 122 S. Ct. 280 (2001).  Nation's holding is derived from the guidelines themselves, which instruct courts to determine whether an offense is a crime of violence based on the nature of the crime.  § 4B1.2, cmt. n.1.  In addition, four Courts of Appeals before us concluded that escape is categorically a crime of violence. United States v. Ruiz, 180 F.3d 675, 677 (5th Cir. 1999); United States v. Harris, 165 F.3d 1062, 1067-68 (6th Cir. 1999); United States v. Dickerson, 77 F.3d 774, 775-77 (4th Cir. 1996);  United States v. Gosling, 39 F.3d 1140, 1142-43 (10th Cir. 1994). We also reject Luersen's argument that Nation's holding was unforeseeable based on the dicta in United States v. Kind, 194 F.3d 900, 907 (8th Cir. 1999), cert. denied, 528

---

[*]The Honorable Gary A. Fenner, United States District Judge for the Western District of Missouri.

U.S. 1180 (2000). The classification issued in <u>Nation</u> was not unexpected or indefensible, thus retroactively applying <u>Nation</u> to Luersen's earlier escape offense is not unconstitutional. <u>See</u> <u>Fogie v. Thorn Americas, Inc.</u>, 95 F.3d 645, 651 (8th Cir. 1996).

We reject Luersen's claim that there was insufficient evidence to support the death threat enhancement under § 2B3.1(b)(2)(F). Although the teller did not recall the precise wording of the note, both of the teller's versions included a death threat. The district court's finding is supported by the evidence and is not clearly erroneous. <u>See</u> <u>United States v. Tolen,</u>143 F.3d 1121, 1122 (8th Cir. 1998). Besides, because Luersen is a career offender, the death threat enhancement does not affect his sentence. <u>United States v. Gomez</u>, 271 F.3d 779, 781 (8th Cir. 2001).

We thus affirm Luersen's sentence.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.