# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-3179

_____

United States of America,           *
                                   *

         Appellee,            *
                                   *   Appeal from the United States

    v.                        *   District Court for the Eastern
                                   *   District of Arkansas.

Phillip Duane Ward,           *
                                   *   [UNPUBLISHED]

         Appellant.          *

_____

Submitted:  March 6, 2003
Filed:  March 11, 2003

_____

Before HANSEN, Chief Judge, MELLOY, and SMITH, Circuit Judges.

_____

PER CURIAM.

     Phillip Duane Ward pleaded guilty to robbing a bank of $32,420, in violation of 18 U.S.C. § 2113(a).  Upon entering the bank, Ward spoke to two employees about the weather, and then handed a teller a note that read, "Don't say a word.  I have a gun.  No joke."  On appeal, he challenges the district court's[1] imposition of a 2-level threat-of-death enhancement, arguing that he conveyed only a threat of a gun, not a threat of death; and that he in fact had no gun and had specifically decided not to have a weapon, so as to reduce the risk of harm to anyone.

_____

[1]The Honorable William R. Wilson, Jr., United States District Judge for the Eastern District of Arkansas.

We conclude that Ward's note indicating he had a gun amounted to a threat of death. See U.S.S.G. § 2B3.1(b)(2)(F); United States v. Roberts, 253 F.3d 1131, 1137 (8th Cir. 2001) (defendant's threat to bank teller that he had gun at most supported 2-level threat-of-death enhancement, as opposed to 5-level actual-possession enhancement, where gun was in car with co-defendant and was not taken into bank); United States v. Cadotte, 57 F.3d 661, 661-62 (8th Cir. 1995) (per curiam) (construing statement that robber had .357 magnum in his pocket and "no one will get hurt" if teller put money in bag as express threat of death), cert. denied, 516 U.S. 1076 (1996). Nothing in the record suggests that a reasonable teller would not have taken the note seriously and feared being shot. See U.S.S.G. § 2B3.1, comment. (n.6) (intent of § 2B3.1(b)(2)(F) is to increase offense level where offender "engaged in conduct that would instill in a reasonable person, who is a victim of the offense, a fear of death"). Accordingly, we affirm.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.