**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**April 17, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

BYRON LEE JACKSON, also known
as Byran Lee Jackson, also known as
Andrew Pepin,

Defendant-Appellant.

No. 05-8003

(D. Wyoming)

(D.C. No. 03-CR-192-D)

**ORDER AND JUDGMENT**[*]

Before **HENRY**, **BALDOCK**, and **MURPHY**, Circuit Judges.

On October 12, 2004, Defendant Byron Lee Jackson pleaded guilty to (1)

being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1); (2)

being a fugitive in possession of a firearm, in violation of 18 U.S.C. § 922(g)(2);

(3) using or carrying a firearm during and in relation to a drug trafficking offense,

in violation of 18 U.S.C. § 924(c)(1)(A)(i); and (4) contempt of court, in violation

of 18 U.S.C. § 401(3).  With respect to the first two counts, the district court

---

[*] This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel.  The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10TH CIR. R. 36.3.

sentenced Mr. Jackson as an armed career criminal, under the Armed Career Criminal Act ("ACCA"), to the statutory minimum of 180 months' imprisonment. *See* 18 U.S.C. § 924(e)(1); U.S.S.G. § 4B1.4(a). Mr. Jackson argues on appeal that the district court (1) violated the Ex Post Facto Clause by counting a 1998 conviction for possession of an unregistered firearm as a predicate violent felony under the ACCA; (2) erred by sentencing him under the 2004 edition, rather the 2003 edition, of the Sentencing Guidelines; and (3) improperly counted a 1979 burglary conviction as a violent felony under the ACCA. We exercise jurisdiction under 28 U.S.C. § 1291 and affirm the district court.

## I. BACKGROUND

Mr. Jackson's case began as a single-count criminal complaint for being a felon in possession of a firearm on August 25, 2003. Mr. Jackson was indicted on the single count in September 2003. He violated a condition of pre-trial release, however, when he was arrested on January 27, 2004, for possession of firearms and methamphetamine. The government subsequently filed a nine-count superceding indictment against Mr. Jackson in March 2004. After negotiation, Mr. Jackson pleaded guilty to four counts: (1) being a felon in possession of a firearm, (2) being a fugitive in possession of a firearm, (3) possession of a firearm in connection with a drug offense, and (4) contempt of court. The first

count occurred on August 25, 2003, and the other three counts relate to his arrest on January 27, 2004.

As to the first two counts, the presentence report ("PSR") recommended that Mr. Jackson be sentenced as an armed career offender on the basis of three prior violent felonies: (1) a 1979 burglary conviction, (2) a 1991 conviction for second-degree burglary of a dwelling, and (3) a 1998 federal conviction for possession of an unregistered firearm. At the December 22, 2004 sentencing, the district court accepted the PSR's recommendation and sentenced Mr. Jackson to 180 months' imprisonment on the first two counts–the mandatory minimum for an armed career criminal. The court also sentenced Mr. Jackson to (1) 120 months' imprisonment for contempt of court, to run concurrently with the first two counts; (2) 60 months' imprisonment for possessing a firearm during and in relation to a drug trafficking offense, to be served consecutively to the other three counts; and (3) 60 months of supervised release. The district court applied the 2004 edition of the Sentencing Guidelines.

## II. DISCUSSION

On appeal, Mr. Jackson first raises an Ex Post Facto challenge. He argues that the district court erred when it sentenced him as an armed career criminal because his 1998 conviction for possession of an unregistered firearm was not

defined as a "crime of violence" in the Tenth Circuit until 2001. Second, he contends that the district court applied the wrong edition of the Sentencing Guidelines. Finally, according to Mr. Jackson, the district court improperly counted his 1979 felony burglary conviction as a predicate violent felony for ACCA sentencing.

Before we separately examine Mr. Jackson's claims, we briefly address the relationship between a "violent felony" and "crime of violence." Case law interpreting one phrase is frequently persuasive to courts interpreting the other phrase. *See, e.g.*, *United States v. Moyer*, 282 F.3d 1311, 1315 (10th Cir. 2002); *United States v. Winter*, 22 F.3d 15, 18 n.3 (1st Cir. 1994). The district court sentenced Mr. Jackson as an "armed career criminal" under § 924(e), which mandates imprisonment not less than 180 months for an individual convicted of a § 922(g) firearm possession who has been previously convicted of three *violent felonies* or serious drug offenses. *See* 18 U.S.C. § 924(e)(1); U.S.S.G. § 4B1.4(a). The phrase "*crime of violence*" pertains to sentencing of a "career offender" under Section 4B1.1 of the Guidelines. For this appeal, the ACCA's definition of "violent felony" is identical in all material respects to the Guidelines' definition of "crime of violence." Both include any felony crime or offense "that . . . otherwise involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B)(ii); U.S.S.G. §

4B1.2(a)(2).

A.    *The district court's sentence did not violate the Ex Post Facto Clause.*

In 1998, Mr. Jackson was convicted in federal court of possession of a firearm not registered in the National Firearms Registration and Transfer Record. Three years later, this circuit joined several sister circuits "in holding that possession of an unregistered firearm in violation of Section 5861(d) is a crime of violence as defined by U.S.S.G. § 4B1.2." *United States v. Dwyer*, 245 F.3d 1168, 1172 (10th Cir. 2001). Mr. Jackson contends that because our court did not rule until 2001 that possession of an unregistered firearm is a "crime of violence" (and therefore a "violent felony"), his 1998 conviction for that offense cannot be counted as an ACCA predicate felony without violating the Ex Post Facto Clause.

The district court rejected Mr. Jackson's Ex Post Facto arguments and concluded that the enhanced penalty under the ACCA attached to the 2003 and 2004 offenses, not to his previous conviction in 1998. The court ruled that there was "no *ex post facto* problem in using a prior conviction to enhance a sentence as long as the offense for which the sentence is being imposed was committed after the effective date of the statutory provision setting forth the conditions of the enhancement." Rec. vol. III, at 13 (Sent. Hr'g, dated Dec. 22, 2004).

We review de novo whether a prior conviction constitutes a "violent felony" under the ACCA. *United States v. Moore*, 401 F.3d 1220, 1226 (10th Cir.

-5-

2005). We also review de novo a statutory challenge under the Ex Post Facto Clause. *Femedeer v. Haun*, 227 F.3d 1244, 1248 (10th Cir. 2000).

"[F]or a law to violate the Ex Post Facto Clause, the law must apply to events occurring before its enactment and must disadvantage the offender affected by it." *United States v. Springfield*, 337 F.3d 1175, 1178 (10th Cir. 2003) (internal quotation marks omitted). "[T]here is no ex post facto problem in using a prior conviction to enhance a sentence, so long as the offense for which the sentence is being imposed was committed after the effective date of the statutory provision setting forth the conditions for enhancement." *Id.* We agree with the district court that Mr. Jackson's enhanced sentence under the ACCA is not an additional retroactive punishment for his 1998 conviction. Instead, his sentence for the 2003 and 2004 offenses is "a stiffened penalty for the latest crime[s]." *Gryger v. Burke*, 334 U.S. 728, 732 (1948) (rejecting an Ex Post Facto challenge to a state sentencing enhancement that was based on a conviction prior to the act's passage).

Further, a retroactive application of our 2001 holding in *Dwyer* does not violate the Ex Post Facto Clause as applied to Mr. Jackson. "If a judicial construction of a criminal statute is unexpected and indefensible by reference to the law which had been expressed prior to the conduct in issue, it must not be given retroactive effect." *Bouie v. City of Columbia*, 378 U.S. 347, 354 (1964)

-6-

(internal quotation marks omitted). Mr. Jackson does not argue on appeal that *Dwyer* was "unexpected and indefensible." Indeed, in *Dwyer* we relied on previous appellate decisions uniformly holding that an unregistered firearm involves a substantial risk of violence. *See, e.g.*, *United States v. Rivas-Palacios*, 244 F.3d 396, 398 (5th Cir 2001); *United States v. Dunn*, 946 F.2d 615 (9th Cir. 1991); *see also United States v. Luersen*, 278 F.3d 772, 774 (8th Cir. 2002) (concluding that the categorical and retroactive classification of a defendant's earlier escape conviction as a crime of violence after a 2001 decision "was not unexpected or indefensible, thus retroactively applying [the 2001 decision] to [the defendant's] earlier escape offense is not unconstitutional").

Mr. Jackson also contends that we should examine the nature of his 1998 felony at the time of that conviction to determine whether it should now be considered a violent felony for ACCA sentencing. For this proposition, Mr. Jackson relies on the Fourth Circuit's decision in *United States v. Johnson*, 114 F.3d 435 (4th Cir. 1997). In *Johnson*, a defendant career offender had been previously convicted of a felony (assault on a female) punishable by up to two years in prison. Several years later, when the defendant was sentenced as a career offender, the state's legislature had since changed the punishment for assault to a maximum of 150 days' imprisonment. The defendant sought the benefit of the lower punishment because a misdemeanor reclassification would allow him to

avoid sentencing as a career offender. The Fourth Circuit rejected that argument, concluding that "for career offender calculation purposes, the date the prior conviction was sustained should control, not the date of later sentencing as a career offender." *Id.* at 445.

We are not persuaded by Mr. Jackson's reliance on *Johnson*. That decision concerned the classification of an offense as a felony or a misdemeanor due to the length of punishment, and did not address the characterization of an offense as a violent or non-violent felony. The Fourth Circuit logically considered the statutory length of the defendant's punishment at the time of his conviction, rather than punishment subsequently prescribed for that offense by legislative amendment. Endorsing Mr. Jackson's approach to the characterization of felonies would eviscerate our holding in *Dwyer* and all other decisions where a court first defines an offense as a violent felony or crime of violence.

B.    *The district court did not err in using the 2004 edition of the Guidelines.*

Section 1B1.11(a) of the Sentencing Guidelines provides that a "court shall use the Guidelines Manual in effect on the date that the defendant is sentenced." "If the court determines that use of the Guidelines Manual in effect on the date the defendant is sentenced would violate the ex post facto clause of the United States Constitution, the court shall use the Guidelines Manual in effect on the date that the offense of conviction was committed." U.S.S.G. § 1B1.11(b)(1).

The district court sentenced Mr. Jackson under the 2004 edition of the Guidelines.

Mr. Jackson maintains that the district court should have used the 2003 edition of the Guidelines because of a change in the commentary under Section 4B1.2, which defines "crime of violence." The 2003 edition did not define possession of an unregistered firearm as a crime of violence, whereas the 2004 edition specifically includes such offense as a crime of violence. *See id.* § 4B1.2 cmt. n.1 (2004). Consequently, Mr. Jackson argues that sentencing under the 2004 Guidelines violated the Ex Post Facto Clause. We review de novo the legal question of whether the district court applied the correct version of the Guidelines. *United States v. Osborne*, 332 F.3d 1307, 1312 (10th Cir. 2003).

This claim is also without merit. The only change between editions was a commentary note added to the 2004 Guidelines, specifically listing possession of an unregistered firearm as a "crime of violence." Our circuit in *Dwyer*, however, had already identified possession of an unregistered firearm as a "crime of violence" in 2001, and we already concluded that its retroactive application to Mr. Jackson's 1998 conviction does not violate the Ex Post Facto Clause. Thus, the court did not err by sentencing Mr. Jackson under the 2004 Guidelines.

C.    *The district court did not err in concluding that the 1979 burglary felony was a violent felony.*

Mr. Jackson finally argues that his 1979 state conviction for burglary in

Wyoming should not be counted as a "violent felony" for ACCA sentencing. Under Wyoming law, "[a] person is guilty of burglary if, without authority, he enters or remains in a building, occupied structure or vehicle, or separately secured or occupied portion thereof, with intent to commit larceny or a felony therein." WYO. STAT. § 6-3-301(a). State law defines a "violent felony" to include "aggravated burglary," but not the more generic offense of burglary for which Mr. Jackson was convicted. *Id.* § 6-1-104(xii). Because Wyoming does not define burglary as a violent felony, Mr. Jackson believes that his 1979 conviction should not be a predicate violent felony under the ACCA. We review de novo this question of law. *Moore*, 401 F.3d at 1226.

Under the ACCA, the term "violent felony" includes, among other offenses, "any crime punishable by imprisonment for a term exceeding one year . . . that . . . is burglary." 18 U.S.C. § 924(e)(2)(B)(ii). In *Taylor v. United States*, the Supreme Court examined § 924(e) and concluded that "Congress presumably realized that the word 'burglary' is commonly understood to include not only aggravated burglaries, but also run-of-the-mill burglaries involving an unarmed offender, an unoccupied building, and no use or threat of force." 495 U.S. 575, 597 (1990). The Court went on to "conclude that a person has been convicted of burglary for purposes of a § 924(e) enhancement if he is convicted of any crime, regardless of its exact definition or label, having the basic elements of unlawful

or unprivileged entry into, or remaining in, a building or structure, with intent to commit a crime." *Id.* at 599.

Therefore, the pertinent question is whether Mr. Jackson's Wyoming conviction satisfied *Taylor's* generic definition of "burglary." The state's burglary statute encompasses certain offenses (such as burglary of a vehicle) that would be burglary under state law, but not under § 924(e). *See Shepard v. United States*, 125 S. Ct. 1254, 1257 (2005) ("The [ACCA] makes burglary a violent felony only if committed in a building or enclosed space ('generic burglary'), not in a boat or motor vehicle."). Mr. Jackson, however, has never claimed in district court or on appeal that his burglary conviction did not meet *Taylor's* definition. Therefore, he has waived such an argument. *See Rosewood Servs., Inc. v. Sunflower Diversified Servs., Inc.*, 413 F.3d 1163, 1167 (10th Cir. 2005) (noting that arguments not raised in the district court are waived on appeal).

### III. CONCLUSION

Accordingly, we AFFIRM the district court's sentence.

Entered for the Court,

Robert H. Henry
Circuit Judge

-11-