**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Roger Dale FLOWERS, Defendant–
Appellant.**

**No. 93–8379
Non–Argument Calendar.**

United States Court of Appeals,
Eleventh Circuit.

Feb. 3, 1994.

Jake Waldrop, Federal Defender Program, Inc., Atlanta, GA, for defendant-appellant.

F. Gentry Shelnutt, Jr., Asst. U.S. Atty., Joe D. Whitley, U.S. Atty., Atlanta, GA, for plaintiff-appellee.

Before KRAVITCH and BIRCH, Circuit Judges, and FAY, Senior Circuit Judge.

PER CURIAM:

On January 14, 1993, Roger Dale Flowers pled guilty to one count of bank robbery in violation of 18 U.S.C. § 2113(a) and (d). The robbery occurred while Flowers was on supervised release for a previous bank robbery, of the same bank, committed three years earlier. Flowers was scheduled for sentencing on March 18, 1993.

On February 4, 1993, a hearing was held before a district judge to determine whether to revoke Flowers's supervised release. The court revoked the supervised release, and sentenced Flowers to serve 14 months for having violated its terms.

At the March 18 sentencing for bank robbery, a different district court judge sentenced Flowers to a term of 63 months imprisonment, and ordered that it run consecutively to the 14 month sentence imposed several weeks before for violation of supervised release.

Flowers appeals from this sentence. He argues that in ordering that the sentence for bank robbery run consecutively to the undischarged sentence for violation of release, the district court failed to properly consider U.S.S.G. § 5G1.3(b). That section calls for concurrent sentences when an "undischarged term of imprisonment resulted from offense(s) that have been fully taken into account in the determination of the offense level for the instant offense." Flowers argues that because the points added to the criminal history calculations in arriving at his

offense level (for bank robbery) "took into account" the supervised release violation, § 5G1.3(b) mandates concurrent sentences.[1]

 We reject Flowers's proposed application of § 5G1.3(b) in this case, and therefore affirm. The intended purpose of section § 5G1.3(b) is to effectively "credit[ ] for guidelines purposes" defendants who have already served time—generally in another jurisdiction—for the same conduct or course of conduct. *See* § 5G1.3(b), comment. (n. 2). For instance, when a defendant serving time in state prison for drug possession receives a subsequent federal sentence for the same course of conduct, the sentences will be served concurrently to credit the time already served. *See id.* That type of scenario simply is not present in this case. Defendant here is being sentenced in a single jurisdiction; there is no repeated prosecution for the same course of conduct. It is by virtue of the timing of the two sentencings, rather than an independent prosecution, that defendant was even serving an undischarged sentence at the time of his sentencing for bank robbery.

Moreover, the Sentencing Commission's policy regarding sentences for supervised release violations is plainly set forth at U.S.S.G. § 7B1.3(f), which provides that:

Any term of imprisonment imposed upon the revocation of probation or supervised release shall be ordered to be served consecutively to any sentence of imprisonment that the defendant is serving, *whether or not the sentence of imprisonment being served resulted from the conduct that is the basis of the revocation of probation or supervised release.*

(Emphasis added.)

 Thus, had the district court simply sentenced Flowers for the instant offense before addressing his violation of supervised release, no controversy would exist, because the latter violation plainly would constitute a "term of imprisonment imposed upon the revocation of ... supervised release ... to be served consecutively" to the sentence for bank robbery. U.S.S.G. § 7B1.3(f).

Although § 7B1.3(f) refers only to situations in which an independent undischarged sentence precedes a sentence for violation of supervised release, language elsewhere indicates that the section's dictates also apply where, as here, the latter precedes the former. *See* U.S.S.G. Ch. 7, Pt. B., intro. comment. (sanctions imposed upon revocation are to be "served consecutively to any other term of imprisonment imposed for any criminal conduct that is the basis of the revocation"); U.S.S.G. § 5G1.3(c) (p.s.) (recognizing that a sentence for an instant offense should "run consecutively to the prior undischarged term of imprisonment to the extent necessary to achieve a reasonable incremental punishment for the instant offense").

Thus, the policy favoring imposition of consecutive sentences in cases of violation of release, as expressed in Chapters 5 and 7 of the Sentencing Guidelines, governs. A contrary result illogically would rest the priority of consecutive sentences upon the order in which the sentences were imposed. *Accord United States v. Glasener,* 981 F.2d 973, 975–76 (8th Cir.1992) (holding, in nearly identical situation, that "[t]he mere order in which the sentences were imposed does not alter the result that is required").

AFFIRMED.

---

1. The district court added three criminal history points in calculating the base offense level for bank robbery: two because the offense was committed while under a criminal justice sentence, and another because it was committed less than two years after the offender's release from prison.