[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEB 2, 2007
THOMAS K. KAHN
CLERK

_____

No. 06-12719
Non-Argument Calendar
_____

D. C. Docket No. 05-00071-CR-FTM-33-DNF

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

TERRENCE DENMARK,
a.k.a. Tick,

Defendant-Appellant.

_____

No. 06-12819
Non-Argument Calendar
_____

D. C. Docket No. 96-00015-CR-FTM-29-DNF

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

TERRENCE DENMARK,
a.k.a. Teddy Bear,

                                                  Defendant-Appellant.

_____

Appeals from the United States District Court
for the Middle District of Florida
_____

**(February 2, 2007)**

Before BLACK, BARKETT and MARCUS, Circuit Judges.

PER CURIAM:

In these consolidated appeals, Terence Denmark ("Denmark") appeals his 240-month sentence for conspiracy to distribute 5 kilograms or more of cocaine and 50 grams or more of cocaine base and his consecutive 60-month sentence, imposed after the district court revoked his supervised release.

On appeal, Denmark argues with respect to his 240-month sentence that he should have received a minor-role reduction, and his sentence was unreasonable. In response, the government argues that Denmark waived these issues in a valid appeal waiver in his plea agreement.

We review an appeal-of-sentence waiver provision de novo. United States v. Bushert, 997 F.2d 1343, 1352 (11th Cir. 1993). A sentence appeal waiver contained in a plea agreement, made knowingly and voluntarily, is enforceable.

United States v. Weaver, 275 F.3d 1320, 1333 (11th Cir. 2001). To enforce the sentence-appeal waiver, the government must demonstrate either that (1) the district court specifically questioned the defendant about the sentence-appeal waiver during the change of plea colloquy, or (2) the record clearly shows that the defendant otherwise understood the full significance of the waiver. Id.; See also F. R. Crim. P. 11(b)(1)(N). In addition, guideline-based challenges to a sentence and appeals on "Apprendi/Booker grounds" can be waived by virtue of an appeal waiver. See United States v. Frye, 402 F.3d 1123, 1129 (11th Cir. 2005).

In this case, the district court discussed the appeal waiver with Denmark during the Rule 11 plea colloquy. In so doing, the court informed Denmark that he was expressly waiving his right to appeal subject to three exceptions. Denmark could challenge his sentence if it exceeded the guideline range as determined by the court or the statutory maximum, or if it violated the Eighth Amendment. Based on the fact that the court questioned Denmark about the appeal waiver and explained the ramifications of agreeing to the waiver, the waiver was valid. Moreover, none of the exceptions apply. Accordingly, we dismiss Denmark's appeal of his 240-month sentence based upon a valid appeal waiver.

With respect to his 60-month sentence imposed upon revocation of his

supervised release, Denmark argues that his sentence was unreasonable for three reasons. First, he argues that it was unreasonable and an abuse of discretion to impose his revocation of supervised release sentence consecutively to his conspiracy conviction because the court was punishing him for the same conduct. In addition, Denmark argues that the sentencing guidelines do not require consecutive sentences, and thus the court abused its discretion. Second, Denmark contends that the maximum statutory sentence he could have received upon the revocation of his supervised release was three years because he had been originally convicted of a class B felony in 1996. Third, Denmark contends that the district court failed to adequately consider the 18 U.S.C. § 3553(a) factors when imposing his sentence.

Sentences imposed for violation of supervised release under an advisory guidelines system are reviewed for "unreasonableness." United States v. Sweeting, 437 F.3d 1105, 1107 (11th Cir. 2006). Because Denmark failed to raise any objection to his sentence in the district court, we review this claim, raised for the first time on appeal, only for plain error to avoid manifest injustice. United States v. Harness, 180 F.3d 1232, 1234 (11th Cir. 1999).

Section 3583 of Title 18 provides that the district court may:

revoke a term of supervised release, and require the defendant to serve in prison all or part of the term of supervised release authorized by

4

statute for the offense that resulted in such term of supervised release without credit for time previously served on postrelease supervision, if the court, pursuant to the Federal Rules of Criminal Procedure applicable to revocation of probation or supervised release, finds by a preponderance of the evidence that the defendant violated a condition of supervised release, except that a defendant whose term is revoked under this paragraph may not be required to serve more than 5 years in prison if the offense that resulted in the term of supervised release is a class A felony, more than 3 years in prison if such offense is a class B felony, more than 2 years in prison if such offense is a class C or D felony, or more than one year in any other case[.]

18 U.S.C. § 3583(e)(3).   If a criminal offense is not classified by a letter grade in the statutory section defining it, then the maximum statutory sentence determines an offense's proper letter grade classification.  18 U.S.C. § 3559(a).  For an offense with a maximum term of life imprisonment, the proper classification is a Class A felony.  18 U.S.C. § 3559(a)(1).

"Under 18 U.S.C. § 3583(e), a district court may, upon finding by a preponderance of the evidence that a defendant has violated a condition of supervised release, revoke the term of supervised release and impose a term of imprisonment after considering certain factors set forth in 18 U.S.C. § 3553(a)." Sweeting, 437 F.3d at 1107.  A district court need not, however, explicitly consider every single § 3553(a) factor in order for the sentence to be reasonable.  See United States v. Scott, 426 F.3d 1324, 1329 (11th Cir.2005).  An acknowledgment by the district court that it has considered the defendant's arguments and the § 3553(a)

5

factors will suffice.  United States v. Talley, 431 F.3d 784, 786 (11th Cir. 2005).

In addition, it is within a district court's discretion to impose a sentence consecutively regardless of whether the sentence is based on revocation of supervised release and is imposed prior to the sentence for the instant offense.  See United States v. Flowers, 13 F.3d 395, 397 (11th Cir. 1994).  Revocation of supervised release and any subsequent incarceration is part of the original sentence and constitutes punishment for the crime underlying that sentence.  United States v. Woods, 127 F.3d 990, 992 (11th Cir. 1997).  The introductory commentary to U.S.S.G. § 7B indicates that courts may order a term of imprisonment to be served consecutively or concurrently to an undischarged term of imprisonment.  The court, in determining whether to run a sentence concurrently or consecutively, is to consider the § 3553(a) factors.  18 U.S.C. § 3585 (b).

The district court's 60-month sentence did not exceed the statutory maximum.  In Denmark's 1997 conviction, the plea agreement explicitly stated that the maximum penalty he was facing was a term of life imprisonment.  The district court specifically stated to Denmark during the plea colloquy that the offense to which he was pleading guilty carried a maximum sentence of life imprisonment.  Section 841 of Title 18, the section under which Denmark was convicted, does not classify its offenses by felony letter grades, but does carry a

maximum sentence of life. Therefore, pursuant to 18 U.S.C. 3559(a)(1), Denmark's offense was a Class A felony because he could have received a term of life imprisonment. Thus, the court's 60-month sentence did not exceed the statutory maximum.

Further, the sentence imposed was reasonable, as Denmark's sentence reflected consideration of several of the relevant factors under § 3553(a). Specifically, the court satisfied its obligation to consider the relevant factors by stating that it had considered the factors and Denmark's arguments. The court specifically considered Denmark's career offender status, the fact that he had been through the penal system, and that he had cooperated with law enforcement only to get involved with drugs again. The court's statements reflected consideration of the history and characteristics of the defendant and the nature and circumstances of the offense.

In addition, it was reasonable and not an abuse of discretion for the district court to impose its sentence consecutively because the 60-month sentence was punishment for the offense underlying the supervised release term. Therefore, it was not a double sentence for the conspiracy charge. The courts also have discretion on whether to run a sentence concurrently or consecutively as long as they consider the § 3553(a) factors. In this case, the court imposed the consecutive

sentence after considering  § 3553(a) factors.

**AFFIRMED.**