[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOV 08, 2007
THOMAS K. KAHN
CLERK

_____

No. 06-14727

_____

D. C. Docket No. 05-00593-CR-RWS-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

EARNEST OLIVER HEARING, JR.,
a.k.a. Terry Stephen Oliver,
a.k.a. Terry Stephen Hearing,
a.k.a. Earnest Hearing,
a.k.a. Earnest Oliver Heararing,
a.k.a. Earnest Oliver Heraring,
a.k.a. Ernest Oliver Hearing,
a.k.a. Lil Man Hearing,
a.k.a. Timothy Norris Cronic,
a.k.a. Terry Stephen Montgomery,
a.k.a. Earnest Oliver Hearing,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

**(November 8, 2007)**

Before TJOFLAT, ANDERSON and HILL, Circuit Judges.

PER CURIAM:

Earnest Oliver Hearing, Jr., appeals his 180-month sentence imposed following his guilty plea for knowingly and intentionally possessing with intent to distribute marijuana, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C), (Count One), and knowingly possessing an unregistered silencer, in violation of 26 U.S.C. §§ 5841, 5861(d), and 5871, (Count Eight).

The instant case was initiated following Hearing's arrests on state charges on July 30, 2004, in Clayton County, Georgia, and on August 16, 2004, in Henry County, Georgia. As a result of Hearing's July 2004 arrest, he pled guilty in state court to possession of marijuana (Count One), and possession of a firearm by a convicted felon, (Count Two). Hearing was sentenced on both counts to three years' imprisonment, to be served concurrently with any time that he was already serving. Additionally, as a result of another arrest on August 16, 2004, Hearing pled guilty in a different state court to possession with intent to distribute methamphetamine, (Count One), and possession of a firearm during the commission of a felony, (Count Three). Hearing was sentenced to seven years' imprisonment for Count One and five years' imprisonment for Count Three, to be served consecutively to each other, resulting in a total sentence of 12 years.

2

In May 2006, Hearing pled guilty to the instant federal charges pursuant to a written plea agreement. The parties agreed that Hearing would serve five years' imprisonment as to Count One (knowingly and intentionally possessing with intent to distribute marijuana), and ten years' imprisonment as to Count Eight (knowingly possessing an unlicensed silencer), "to be served consecutively," resulting in a total sentence of 15 years. The government moved to dismiss the remaining counts in the indictment.

At sentencing, the district court sentenced Hearing to 60 months' imprisonment on Count One and 120 months' imprisonment on Count Eight, to run consecutively, resulting in a total sentence of 15 years. Hearing informed the court that he was serving state sentences involving some of the same conduct and asked the court to recommend to the Bureau of Prisons (BOP) that he serve his federal sentence in state custody, so that when he completed his state sentences he would receive credit to his federal sentence. The court denied Hearing's request, stating it would allow typical BOP protocol to apply. There was no objection.

On appeal, Hearing argues that the district court plainly erred by failing to consider U.S.S.G. § 5G1.3(b) and in failing to order that his federal and undischarged state sentences run concurrently to each other. He asserts that U.S.S.G. § 5G1.3(b) is applicable in this case because he was subject to an

undischarged term of imprisonment. He also asserts that U.S.S.G. § 5G1.3 is applicable because the conduct underlying his state court convictions involves some of the same conduct underlying his federal convictions, and is consequently "relevant" to the commission of his federal offenses. He maintains that under this Court's precedent, the district court's sua sponte failure to consider U.S.S.G. § 5G1.3 in imposing his sentence essentially means that the district court did not properly consult the Sentencing Guidelines. He argues that the district court's error was plain, as we have previously explained the importance and implications of U.S.S.G. § 5G1.3, and the error affected his substantial rights because he now potentially faces a 27-year confinement as opposed to the 15-year sentence that he allegedly agreed to in the plea agreement.

We review de novo a district court's determination that a defendant's sentence should run consecutively to his undischarged state sentences. United States v. Fuentes, 107 F.3d 1515, 1520 (11th Cir. 1997). However, we review issues not raised before the district court for plain error. United States v. Gerrow, 232 F.3d 831, 835 (11th Cir. 2000). Under plain error review, we may, at our discretion, correct an error where (1) an error occurred, (2) the error was plain, (3) the error affects substantial rights, and (4) "the error seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." United States

4

v. Olano, 507 U.S. 725, 732-36, 113 S.Ct. 1770, 1777-79, 123 L.Ed.2d 508 (1993) (internal quotations and citations omitted). Here, Hearing concedes that we should review this case for plain error only.

Section 5G1.3 of the Federal Sentencing Guidelines, entitled "Imposition of a Sentence on a Defendant Subject to an Undischarged Term of Imprisonment" provides as follows:

(a) If the instant offense was committed while the defendant was serving a term of imprisonment (including work release, furlough, or escape status) or after sentencing for, but before commencing service of, such term of imprisonment, the sentence for the instant offense shall be imposed to run consecutively to the undischarged term of imprisonment

(b) If subsection (a) does not apply, and a term of imprisonment resulted from <u>another offense that is relevant conduct to the instant offense of conviction</u> under the provisions of subsections (a)(1), (a)(2), or (a)(3) of § 1B1.3 (Relevant Conduct) and that was the basis for an increase in the offense level for the instant offense under Chapter Two (Offense Conduct) or Chapter Three (Adjustments), the sentence for the instant offense shall be imposed as follows:

(1) the court shall adjust the sentence for any period of imprisonment already served on the undischarged term of imprisonment if the court determines that such period of imprisonment will not be credited to the federal sentence by the Bureau of Prisons; and

(2) the sentence for the instant offense shall be imposed to run concurrently to the

5

remainder of the undischarged term of imprisonment.

U.S.S.G. § 5G1.3(a), (b) (2005) (emphasis added).[1]

"Sections 5G1.3 and 1B1.3 interact to protect a criminal defendant from duplicative prosecutions." United States v. Bidwell, 393 F.3d 1206, 1209 (11th Cir. 2004). "The intended purpose of section § 5G1.3(b) is to effectively 'credit[] for guidelines purposes' defendants who have already served time – generally in another jurisdiction – for the same conduct or course of conduct . . . . For instance, when a defendant serving time in state prison for drug possession receives a subsequent federal sentence for the same course of conduct, the sentences will be served concurrently to credit the time already served." United States v. Flowers, 13 F.3d 395, 397 (11th Cir. 1994) (applying an earlier, but similar version of U.S.S.G. § 5G1.3)[2] (citation omitted) .

Here, the district court erred in failing to sua sponte consider U.S.S.G.

---

[1] Hearing was sentenced under the 2005 version of the Sentencing Guidelines.

[2] Effective November 1, 2003, the Sentencing Commission amended U.S.S.G. § 5G1.3. See U.S.S.G., Amendment 660. Former § 5G1.3(b) read as follows: "If subsection (a) does not apply, and the undischarged term of imprisonment resulted from offense(s) that have been fully taken into account in the determination of the offense level for the instant offense, the sentence for the instant offense shall be imposed to run concurrently to the undischarged term of imprisonment." U.S.S.G. § 5G1.3(b) (2002).

§5G1.3 in imposing Hearing's sentence.[3] We have held that even under the post-Booker, advisory sentencing guidelines, that the district court must consult the guidelines and correctly calculate the guidelines sentence. United States v. Crawford, 407 F.3d 1174, 1179 (11th Cir.2005). We can assume arguendo that Hearing has satisfied the first two prongs of the plain error test.

The third prong of the plain error test, however, is another matter. It requires that the error "affect[ed] substantial rights," which almost always requires that the error "'must have affected the outcome of the district court proceedings.'" United States v. Rodriguez, 398 F.3d 1291, 1299 (11th Cir. 2005). The standard for showing that is the familiar reasonable probability of a different result formulation, which means a probability "'sufficient to undermine confidence in the outcome.'" United States v. Dominguez Benitez, 542 U.S. 74, 124 S.Ct. 2333, 2340, 159 L.Ed.2d 157 (2004) (quoting Strickland v. Washington, 466 U.S. 668, 694, 104 S.Ct. 2052, 2068, 80 L.Ed.2d 674 (1984)). The "'defendant rather than the [g]overnment [ ] bears the burden of persuasion with respect to prejudice.'" Rodriguez, 398 F.3d at 1299 (quoting United States v. Olano, 507 U.S. 725, 734, 113 S.Ct. 1770, 1778 (1993)).

Hearing has not pointed to anything in the record that suggests that the

---

[3]     The PSI did not mention §5G1.3, and there was no objection to this omission.

district court would have given him a more lenient sentence by making the federal sentence concurrent to the state sentence.   In fact, the record reflects a long argument by the government about why the sentence should run consecutively to the state sentences and Hearing did not object to the government's explanation. The government explained the significance of the gun and silencer that were found in Hearing's possession, and the fact that the evidence indicated that the gun and silencer had been used at some point.   The government noted that the charged counts would have carried a mandatory minimum life sentence under the Guidelines.  In particular, the government explained that the parties had negotiated the plea agreement, agreeing to a fifteen-year federal sentence, with the expectation that the fifteen years would be served in addition to the state sentences.  Hearing and his attorney remain silent in the face of the government's explanation, thus implicitly acquiescing.  The district court expressly declined to recommend to the BOP that it facilitate a concurrence sentence.

In light of this sentencing transcript, and in light of this particular defendant's criminal history, we conclude that Hearing has failed to carry his burden of proving that there is a reasonable probability of a different result.

AFFIRMED.