[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
February 13, 2008
THOMAS K. KAHN
CLERK

_____

No. 07-10010
Non-Argument Calendar

_____

D. C. Docket No. 06-60207-CR-FAM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSE FUENTES-TAVORA,
a.k.a. Jose Alberto Barba,
a.k.a. Ricardo Valladares,
a.k.a. Mario Ovelio Lara,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(February 13, 2008)**

Before BLACK, MARCUS and WILSON, Circuit Judges.

PER CURIAM:

Jose Fuentes-Tavora appeals his 77-month sentence, which was imposed after he pled guilty to one count of illegally re-entering the United States after being deported, in violation of 8 U.S.C. § 1326(a).  He claims (1) the district court erred in failing to give him credit for time served in state custody, and (2) his sentence was unreasonable.

I.

We review the district court's findings of fact for clear error and its application of the Sentencing Guidelines to those facts *de novo*.  *United States v. Davis*, 313 F.3d 1300, 1305 (11th Cir. 2002).  Under U.S.S.G. § 5G1.3(b), the district court shall adjust a defendant's sentence for time already served if the term of imprisonment resulted from another offense (1) that is relevant conduct to the instant offense of conviction and (2) was the basis for an increase in offense level for the instant offense.  The intended purpose of § 5G1.3(b) is to credit defendants who have already served time, generally in another jurisdiction, for the same conduct or course of conduct.  *United States v. Flowers*, 13 F.3d 395, 397 (11th Cir. 1994) (applying an earlier, but nearly identical version of § 5G1.3(b)).

The district court was not required under § 5G1.3(b) to credit Fuentes-Tavora for the time he served in state custody prior to his federal trial.  Fuentes-Tavora was in state custody stemming from his charges of battery on a law

enforcement officer and obstruction with and without violence. These offenses are not relevant conduct, as defined in U.S.S.G. § 1B1.3(a), to the instant offense of illegally re-entering the United States after being deported. Thus, § 5G1.3(b) is inapplicable, and the district court was not required to adjust Fuentes-Tavora's sentence to reflect his time already served in state custody.[1]

## II.

Generally, we review a defendant's sentence for reasonableness.[2] *United States v. Booker*, 125 S. Ct. 738, 765-66 (2005). Reasonableness review requires us to review the sentence under an abuse-of-discretion standard. *Gall v. United States*, 128 S. Ct. 586, 594 (2007). We "must first ensure that the district court committed no significant procedural error," and then we "consider the substantive reasonableness of the sentence imposed under an abuse-of-discretion standard." *Id.* at 597. The party challenging the sentence bears the burden of establishing the

---

[1]Fuentes-Tavora does not argue on appeal the court should have granted him a departure under U.S.S.G. § 5G1.3(c). Even if he did, a court is not required to grant a departure under § 5G1.3(c), as it is under § 5G1.3(b) if certain circumstances are present. Likewise, *United States v. Sanchez-Rodriguez*, 161 F.3d 556 (9th Cir. 1998), which Fuentes-Tavora does cite in his brief, does not require the court to grant a departure, but rather acknowledges it is within the court's discretion to do so based on time already served in state custody or the lost opportunity to serve a greater portion of a state sentence concurrently with the federal one.

[2]Though the Government claims plain error review is appropriate where, as here, a defendant raises a reasonableness argument for the first time on appeal, we need not decide whether plain error review is proper, as the outcome is the same under either standard.

3

sentence was unreasonable. *United States v. Talley*, 431 F.3d 784, 788 (11th Cir. 2005). We may presume a sentence within the properly calculated Guidelines range is reasonable. *Rita v. United States*, 127 S. Ct. 2456, 2462 (2007).

After carefully reviewing the record and the parties' briefs, we conclude the district court committed neither procedural nor substantive error in arriving at Fuentes-Tavora's sentence. The court correctly calculated the applicable Guidelines range and noted it had discretion to vary from the range. Also, the court considered the 18 U.S.C. § 3553(a) factors and explained its reasons for sentencing Fuentes-Tavora at the low end of the Guidelines range. The court specifically considered whether a sentence within the Guidelines range was greater than necessary to meet the goals of § 3553(a). After noting valid reasons existed for sentencing Fuentes-Tavora at the higher end of the range, the court determined a 77-month sentence was sufficient to serve the statutory goals.

To the extent Fuentes-Tavora argues the court's decision not to give him credit for time served was unreasonable, we made clear in *United States v. Winingear* that individual sentencing decisions are not subject to reasonableness review. 422 F.3d 1241, 1245 (11th Cir. 2005). Instead, we review the final sentence for reasonableness. *Id.* Given the district court's application of the Guidelines range as advisory, consideration of the § 3553(a) factors, explanation

4

for reaching its decision, and imposition of a sentence within the properly calculated Guidelines range, we conclude the district court did not abuse its discretion in sentencing Fuentes-Tavora to 77-months' imprisonment. Accordingly, we affirm.

AFFIRMED.