[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 07-11734
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
Aug. 5, 2008
THOMAS K. KAHN
CLERK

D. C. Docket No. 06-00212-CR-T-17-TBM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CESAR ESPINOZA-MORA,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(August 5, 2008)**

Before ANDERSON, CARNES and BARKETT, Circuit Judges.

PER CURIAM:

Cesar Espinoza-Mora appeals his 108-month sentence for possession with intent to distribute more than 5 kilograms of cocaine, in violation of 21 U.S.C. § 841 and 18 U.S.C. § 2. Espinoza-Mora was enlisted by a large drug operation to transport drugs using a car that was involved in the operation. While Espinoza-Mora was a passenger in the car, it was stopped and searched by a Kansas sheriff, who found cocaine inside the vehicle. Eight months later, the Drug Enforcement Administration ("DEA") arranged for a controlled delivery of cocaine to its intended recipient in New York, and Espinoza-Mora accompanied a woman to pick up the cocaine and was arrested when he drove away in the car in which the cocaine was hidden.

On June 30, 2003, Espinoza-Mora was taken into New York state custody on a possession of cocaine charge, stemming from the New York offense. He was also indicted, on September 16, 2003, on federal charges of conspiracy to distribute and to possess with intent to distribute cocaine, based on the identical conduct, and he was taken into federal custody on March 11, 2004. After pleading guilty to the charges in that federal indictment, Espinoza-Mora was sentenced to 87 months' imprisonment, which was reduced by the time that he had served in state custody since June 30, 2003, and was to run concurrently with any undischarged term of imprisonment. On June 20, 2006, Espinoza-Mora was

2

arrested on the instant charge in the Middle District of Florida, based on the offense that occurred in Kansas. After he pled guilty, the district court sentenced him to 108 months' imprisonment, to run partially concurrently with the sentence imposed in his prior federal case, and with credit for the time that he had served since he was taken into federal custody on March 11, 2004.

On appeal, Espinoza-Mora argues that once the district court determined that both the prior state case and the prior federal case were relevant in determining his base offense level, it had a duty to reduce his sentence by the period of imprisonment that he had served on the state conviction, which began before his prior federal conviction. Notably, the government agrees with Espinoza-Mora's argument on this issue. He also contends that his sentence was both procedurally and substantively unreasonable, because the court focused almost entirely on the guideline range and imposed a sentence that far exceeded what was necessary to achieve the purposes of punishment.

## I. Sentence reduction

At his sentencing hearing, Espinoza-Mora argued that his sentence should account for the undischarged term of imprisonment that he was serving on his related federal case, but he did not argue that it also should account for the time that he had served on his related state case, and accordingly, he did not preserve

3

that issue. Where an issue is not preserved, appellate review is for plain error only. United States v. Edouard, 485 F.3d 1324, 1343 (11th Cir. 2007). Under this standard, Espinoza-Mora must establish that an error (1) occurred; (2) is plain; (3) affects his substantial rights; and (4) seriously affected the fairness and integrity of the proceedings. See United States v. Olano, 507 U.S. 725, 731-32, 113 S.Ct. 1770, 1776, 123 L.Ed.2d 508 (1993). A showing that an error affected one's substantial rights "almost always requires that the error must have affected the outcome of the district court proceedings." United States v. Rodriguez, 398 F.3d 1291, 1299 (11th Cir. 2005) (internal quotations and citation omitted).

Pursuant to U.S.S.G. § 5G1.3(b), if:

a term of imprisonment resulted from another offense that is relevant conduct to the instant offense of conviction . . . and that was the basis for an increase in the offense level for the instant offense . . . the sentence for the instant offense shall be imposed as follows: (1) the court shall adjust the sentence for any period of imprisonment already served on the undischarged term of imprisonment if the court determines that such period of imprisonment will not be credited to the federal sentence by the Bureau of Prisons; and (2) the sentence for the instant offense shall be imposed to run concurrently to the remainder of the undischarged term of imprisonment.

U.S.S.G. § 5G1.3(b). "The intended purpose of . . . § 5G1.3(b) is to effectively credit for guidelines purposes defendants who have already served time – generally in another jurisdiction – for the same conduct or course of conduct."

United States v. Flowers, 13 F.3d 395, 397 (11th Cir. 1994) (internal quotations and citation omitted) (applying an earlier, similar version of § 5G1.3).

Because the district court calculated Espinoza-Mora's base offense level by including the amount of cocaine that he transported in both the Kansas and the New York transactions, it should have adjusted his sentence to account for the period of state imprisonment that he began serving on June 30, 2003, and not just for the time that he had spent in federal custody. This error was plain, Espinoza-Mora's substantial rights were affected, as the sentence that he received was nearly eight and a half months longer than it should have been under the guideline, and this error seriously affected the fairness and integrity of the proceedings. There is no evidence that the district court determined that the period of imprisonment that Espinoza-Mora had served on his state sentence would be credited to him by the Bureau of Prisons, and therefore, we remand the case to the district court to resentence Espinoza-Mora in accordance with § 5G1.3(b).

## II. Reasonableness

We review the final sentence imposed by the district court for reasonableness. United States v. Winingear, 422 F.3d 1241, 1244 (11th Cir. 2005). Unreasonableness may be procedural, when the court's procedure does not

follow <u>Booker</u>'s[1] requirements, or substantive.  <u>United States v. Hunt</u>, 459 F.3d 1180, 1182 n.3 (11th Cir. 2006).  The Supreme Court has explained that a sentence may be procedurally unreasonable if the district court improperly calculates the guideline imprisonment range, treats the guidelines as mandatory, fails to consider the appropriate statutory factors, bases the sentence on clearly erroneous facts, or fails to adequately explain its reasoning.  <u>Gall v. United States</u>, 552 U.S. ___, ___, 128 S.Ct. 586, 597, 169 L.Ed.2d 445 (2007).  The Court also has explained that the substantive reasonableness of a sentence is reviewed under an abuse-of-discretion standard.  <u>Id.</u>  It has suggested that review for substantive reasonableness under this standard involves inquiring whether the factors in 18 U.S.C. § 3553(a) support the sentence in question.  <u>Id.</u> at ___, 128 S.Ct. at 596.

When imposing a sentence, the district court first must correctly calculate the guidelines.  <u>United States v. Talley</u>, 431 F.3d 784, 786 (11th Cir. 2005).  Second, the district court must consider the following factors to determine a reasonable sentence:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need for deterrence; (4) the need to protect the public; (5) the need to provide the defendant with

---

[1] <u>United States v. Booker</u>, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005).

needed educational or vocational training or medical care; (6) the kinds of sentences available; (7) the Sentencing Guidelines range; (8) pertinent policy statements of the Sentencing Commission; (9) the need to avoid unwanted sentencing disparities; and (10) the need to provide restitution to victims.

Id. (citing 18 U.S.C. § 3553(a)). While the district court must consider the § 3553(a) factors, it is not required to discuss each factor. Id. Instead, we have held that an explicit acknowledgment that the district court has considered the defendant's arguments and the § 3553(a) factors will suffice. United States v. Scott, 426 F.3d 1324, 1329-30 (11th Cir. 2005).

With regard to the procedural reasonableness[2] of Espinoza-Mora's sentence, the district court did not abuse its discretion in its sentencing procedure because it correctly calculated the advisory guideline range, and it specifically addressed his reasons for participating in the offense, the seriousness of the offense, and the need for him to obtain an education while imprisoned. Espinoza-Mora also has not established that his sentence was substantively unreasonable. The district court placed great emphasis on the conduct and seriousness of the offense, and it concluded that 108 months' imprisonment – which was the lowest within-guidelines sentence available – was not greater than necessary to comply with the

_____

[2] With respect to procedural reasonableness, Espinoza-Mora does not argue that the district court's sentence reduction error (see Part I of this opinion) constitutes procedural unreasonableness.

statutory purposes of sentencing and was reasonable and adequate.  Accordingly, we affirm as to this issue.

**VACATED AND REMANDED IN PART, AFFIRMED IN PART.**[3]

---

[3] Appellant's request for oral argument is denied.