[DO NOT PUBLISH]


IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-13314
Non-Argument Calendar
_____

D.C. Docket No. 1:09-cr-00170-WKW-TFM-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LUIS ERNESTO HERNANDEZ-ARELLANO,
 a.k.a. Carlos Cortez,
a.k.a. Cesar Garza,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Middle District of Alabama
_____

(May 9, 2013)

Before: DUBINA, Chief Judge, MARCUS and WILSON, Circuit Judges.

PER CURIAM:

Appellant Luis Hernandez-Arellano, a Mexican citizen, appeals the district court's imposition of a 120-month sentence for his conviction for one count of reentering the country as a deported alien, in violation of 8 U.S.C. § 1326(a), (b)(2), and a second, consecutive 24-month revocation sentence for violating the terms of his supervised release in a prior federal case ("*Hernandez-Arellano I*").

In 2006, Hernandez-Arellano pled guilty to conspiring to distribute powder cocaine in *Hernandez-Arellano I*. The district court later sentenced him to 37 months' imprisonment and three years of supervised release, subject to certain conditions directing him, in part, not to return illegally to the United States. Records show that he was released from custody on January 13, 2009, and deported from the United States several days later.

In October 2009, federal authorities charged Hernandez-Arellano in the present case, and he later pled guilty. In 2011, the probation office moved to revoke Hernandez-Arellano's supervised release, which was part of his sentence in *Hernandez-Arellano I*, noting, among other things, that by reentering the country illegally in the present case, he violated the conditions of his earlier supervised release. Hernandez-Arellano pled guilty to the violations, and following a consolidated hearing, the district court sentenced him to 120 months'

2

imprisonment in the present case, plus 24 months' imprisonment in the revocation proceeding.

On appeal, Hernandez-Arellano essentially argues that the district court abused its discretion in imposing a 120-month sentence in the present case because it was greater than necessary under 18 U.S.C. § 3553(a). Specifically, the court applied an upward variance based solely on his criminal history, which was already factored into the guideline calculations. Hernandez-Arellano also argues that his 24-month revocation sentence, particularly in conjunction with his 120-month sentence, was substantively unreasonable. Thus, he claims that a 144-month total sentence, imposed at 1.5 times the high end of the guideline range, created an impact that went beyond the necessity of imposing a sentence under 18 U.S.C. § 3553(a).[1]

We review "all sentences—whether inside, just outside, or significantly outside the Guidelines range—under a deferential abuse-of-discretion standard." *United States v. Livesay,* 525 F.3d 1081, 1090 (11th Cir. 2008) (internal quotation marks omitted). A substantive reasonableness review requires us to "evaluate

---

[1] Although Hernandez-Arellano's notice of appeal only expressly designated the present case, and did not mention *Hernandez-Arellano I*, we will nevertheless construe his appeal as jointly challenging the substantive reasonableness of both sentences given his overriding intent, as evidenced by the arguments in his brief, to appeal his total 144-month sentence. *See Kicklighter v. Nails by Jannee, Inc.*, 616 F.2d 734, 738 n.1 (5th Cir. 1980); *Smith v. Atlas Off-Shore Boat Serv.*, *Inc.*, 653 F.2d 1057, 1059 n.1 (5th Cir. Unit A Aug. 1981). We have adopted as binding all Fifth Circuit precedent decided before October 1, 1981. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981).

whether the sentence imposed by the district court fails to achieve the purposes of sentencing as stated in section 3553(a)." *United States v. Talley*, 431 F.3d 784, 788 (11th Cir. 2005). The party challenging the sentence "bears the burden of establishing that the sentence is unreasonable in light of both [the] record and the factors in section 3553(a)." *Id.* We will remand for resentencing only if "the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." *United States v. Pugh*, 515 F.3d 1179, 1191 (11th Cir. 2008) (internal quotation marks omitted).

Pursuant to § 3553(a), the sentencing court shall impose a sentence "sufficient, but not greater than necessary," to comply with the purposes of sentencing. 18 U.S.C. § 3553(a).  Namely, the purposes of sentencing include the need for the sentence to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, deter criminal conduct, and protect the public from future crimes of the defendant. *Id.* § 3553(a)(2). The sentencing court must also consider the following factors in determining a particular sentence: the nature and circumstances of the offense, the history and characteristics of the defendant, the kinds of sentences available, the applicable guideline range, the pertinent policy statements of the Sentencing Commission, the need to avoid unwarranted sentencing disparities, and the need to provide

restitution to victims. *Id.* § 3553(a)(1), (3)-(7). However, the weight accorded to each of the § 3553(a) factors is within the district court's sound discretion. *See United States v. Clay*, 483 F.3d 739, 743 (11th Cir. 2007).

Furthermore, we have recognized that "there is a range of reasonable sentences from which the district court may choose." *Talley*, 431 F.3d at 788. A sentence imposed well below the statutory maximum penalty is one indicator of a reasonable sentence. *See United States v. Gonzalez*, 550 F.3d 1319, 1324 (11th Cir. 2008). Necessarily, there are also "sentences outside the range of reasonableness that do not achieve the purposes of sentencing stated in § 3553(a) and that thus the district court may not impose." *United States v. Martin*, 455 F.3d 1227, 1237 (11th Cir. 2006). For example, a sentence may be substantively unreasonable if a district court unjustifiably relied on any one § 3553(a) factor, failed to consider pertinent § 3553(a) factors, selected the sentence arbitrarily, or based the sentence on impermissible factors. *Pugh*, 515 F.3d at 1191-92. Finally, while we may take the degree of variance into account and consider the extent of a deviation from the guidelines, we reject "an appellate rule that requires 'extraordinary' circumstances to justify a sentence outside the Guidelines range." *Gall v. United States*, 552 U.S. 38, 47 128 S. Ct. 586, 595 (2007).

After considering the § 3553(a) factors noted above, a district court may revoke a term of supervised release and impose a term of imprisonment if it

5

determines by a preponderance of the evidence that a violation has occurred. 18 U.S.C. § 3583(e)(3). Section 3553(a)(4)(B) requires a sentencing court to consider the policy statements of the Sentencing Commission with regard to a violation of supervised release, although it is recognized that those policies are not binding. *See United States v. Silva*, 443 F.3d 795, 799 (11th Cir. 2006). The introduction to Chapter Seven of the Sentencing Guidelines, which sets forth the policy statements for violations of supervised release, provides that "at revocation the court should sanction primarily the defendant's breach of trust . . . . [and] the sanction for the violation of trust should be in addition, or consecutive, to any sentence imposed for the new conduct." U.S.S.G., ch. 7, pt. A, comment 3(b). More specifically, "the Sentencing Commission's policy regarding sentences for supervised release violations is plainly set forth at U.S.S.G. § 7B1.3(f)." *United States v. Flowers*, 13 F.3d 395, 397 (11th Cir. 1994). This policy states that:

> Any term of imprisonment imposed upon the revocation of probation or supervised release shall be ordered to be served consecutively to any sentence of imprisonment that the defendant is serving, whether or not the sentence of imprisonment being served resulted from the conduct that is the basis of the revocation of probation or supervised release.

U.S.S.G. § 7B1.3(f).

Hernandez-Arellano fails to demonstrate that his 120-month sentence was substantively unreasonable in light of the record and the § 3553(a) factors. While

6

the sentence was outside of the guidelines range, it was still well below the 20-year statutory maximum penalty. *See Gonzalez*, 550 F.3d at 1324.  Moreover, the sentence met the goals encompassed within 18 U.S.C. § 3553(a). Considering Hernandez-Arellano's criminal history, including his six illegal reentries, and his propensity for violating the terms of his supervised release, a variance upward from the guideline range was necessary to promote respect for the law, provide just punishment, and deter him from future criminal activity. *See* 18 U.S.C. § 3553(a)(2).  Additionally, contrary to Hernandez-Arellano's assertions, the district court's emphasis on his criminal history did not render his sentence unreasonable, as the weight given to any particular factor is left to the sound discretion of the court absent a clear error in judgment. *Clay*, 483 F.3d at 743.

Finally, we conclude that the 24-month revocation sentence was substantively reasonable, on its own, because it met the statutory sentencing goals under 18 U.S.C. § 3553(a), and was imposed at the bottom of the guideline range. Even when combined with the 120-month sentence, Hernandez-Arellano's resulting total 144-month sentence was not substantively unreasonable for the same reasons noted above.  Given the Sentencing Commission's policy and our binding precedent, we conclude that the district court's decision to order that the 24-month revocation sentence run consecutive to Hernandez-Arellano's 120-month sentence did not render his total sentence unreasonable or greater than necessary to

comply with the purposes of sentencing.  U.S.S.G. § 7B1.3(f); *see Flowers*, 13 F. 3d at 397.

Because the district court did not abuse its discretion in imposing the total 144-month sentence, we affirm Hernandez-Arellano's sentences.

**AFFIRMED.**

8