Zhang v. Sessions

BIA
Cheng, IJ
A206 052 523

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 26th day of February, two thousand eighteen.

PRESENT: JOSÉ A. CABRANES,
GERARD E. LYNCH,
CHRISTOPHER F. DRONEY,
*Circuit Judges.*

_____

MING HUI ZHANG,
*Petitioner,*

v.                                                          17-396
                                                            NAC

JEFFERSON B. SESSIONS III,
UNITED STATES ATTORNEY GENERAL,
*Respondent.*

_____

FOR PETITIONER:        Norman Kwai Wing Wong, New York, NY.

FOR RESPONDENT:        Chad A. Readler, Acting Assistant Attorney General; Linda S. Wernery, Assistant Director; Steven K. Uejio, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Ming Hui Zhang, a native and citizen of the People's Republic of China, seeks review of a January 18, 2017, decision of the BIA affirming a June 1, 2016, decision of an Immigration Judge ("IJ") denying Zhang's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Ming Hui Zhang*, No. A206 052 523 (B.I.A. Jan. 18, 2017), *aff'g* No. A206 052 523 (Immig. Ct. N.Y. City June 1, 2016). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We have reviewed both the IJ's and BIA's decisions "for the sake of completeness." *Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165–66 (2d Cir. 2008).

The agency may, "[c]onsidering the totality of the circumstances," base an adverse credibility ruling on "the

2

consistency between the applicant's or witness's written and oral statements[,] . . . the consistency of such statements with other evidence of record (including the reports of the Department of State on country conditions), and any inaccuracies or falsehoods in such statements." 8 U.S.C. § 1158(b)(1)(B)(iii). "We defer . . . to an IJ's credibility determination unless . . . it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin*, 534 F.3d at 167.

The agency reasonably concluded that medical records suggesting that Zhang's abortion was voluntary undermined her forced abortion claim. *See Tu Lin v. Gonzales*, 446 F.3d 395, 400 (2d Cir. 2006). The agency was not required to accept Zhang's argument that family planning officials requested the abortion, particularly because State Department reports supported the IJ's conclusion that the document presented by Zhang was the type issued to obtain leave from work after a voluntary abortion. A.R. 37-38; *see Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) ("A petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be

3

*compelled* to credit his testimony." (quotation marks omitted)); *Tu Lin*, 446 F.3d at 400 (concluding that IJ was entitled to rely on a 1998 State Department report concluding that "so-called 'abortion certificates'" are actually documents "issued by hospitals upon a patient's request after a voluntary abortion . . . as evidence to request 2 weeks of sick leave"); *see also* U.S. State Dep't, 2007 China Profile of Asylum Claims and Country Conditions ¶ 98 (May 2007).

Zhang's inconsistencies and omissions regarding other alleged harms, the family planning officials' visits to her home, the guarantee letter she was forced to sign, and her loss of her work bonus, provide further support for the adverse credibility ruling. S*ee Xiu Xia Lin*, 534 F.3d at 166 n.3 ("An inconsistency and an omission are . . . functionally equivalent" for credibility purposes.").

These discrepancies, which call into question whether Zhang's abortion was forced or voluntary and whether she faced any negative consequences for her pregnancy, provide substantial evidence for the adverse credibility ruling. 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at

4

167. The adverse credibility ruling is dispositive of Zhang's asylum, withholding of removal, and CAT claims, which were all based on the same factual predicate. *Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, Zhang's pending motion for a stay of removal is DENIED as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

5