**NOT FOR PUBLICATION**

In the

United States Court of Appeals

For the Eleventh Circuit

_____

No. 24-14138

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*versus*

CALEB PRINCE,

*Defendant-Appellant.*

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 9:11-cr-80176-WPD-1

_____

Before JILL PRYOR, BRANCH, and BLACK, Circuit Judges.

PER CURIAM:

Caleb Prince appeals his sentence of 24 months' imprisonment for violation of his supervised release conditions, which the district court imposed consecutively to his 10-year state sentence

resulting from the same conduct. Prince contends the district court abused its discretion in ordering the sentences to run consecutively, contrary to the parties' joint recommendation for a concurrent sentence, because he was extradited to Georgia to face state charges before his federal revocation petition could be resolved, such that he was denied the opportunity to complete his federal sentence first. After review,[1] we affirm.

"Federal courts generally have discretion to select whether the sentences they impose will run concurrently or consecutively with respect to other sentences that they impose, or that have been imposed in other proceedings, including state proceedings." *United States v. Gomez*, 955 F.3d 1250, 1258 (11th Cir. 2020) (quotation marks and alterations omitted). Federal law provides, "if a term of imprisonment is imposed on a defendant who is already subject to an undischarged term of imprisonment, the terms may run concurrently or consecutively." 18 U.S.C. § 3584(a). Commentary to the Sentencing Guidelines provides, "any sentence of imprisonment for a criminal offense that is imposed after revocation of probation or supervised release be run consecutively to any term of imprisonment imposed upon revocation." U.S.S.G. § 7B1.3, comment. (n.4) (2024). We have noted the Guidelines contain a "policy favoring imposition of consecutive sentences in cases of violation of release." *United States v. Flowers*, 13 F.3d 395, 397 (11th Cir. 1994).

---

[1] We review the imposition of consecutive sentences under a deferential abuse-of-discretion standard. *United States v. Gomez*, 955 F.3d 1250, 1255 (11th Cir. 2020).

The Guidelines also state a term of imprisonment resulting from a supervised-release violation "be ordered to be served consecutively to any sentence of imprisonment that the defendant is serving, whether or not the sentence of imprisonment being served resulted from the conduct that is the basis of the revocation of probation or supervised release."  U.S.S.G. § 7B1.3(f) (2024).

"The court, in determining whether the terms imposed are to be ordered to run concurrently or consecutively, shall consider, as to each offense for which a term of imprisonment is being imposed, the factors set forth in section 3553(a)."  18 U.S.C. § 3584(b).  Because the Guidelines are not mandatory, "[o]nce th[e § 3553(a)] factors are considered, the only limitation on running sentences consecutively is that the resulting total sentence must be reasonable . . . ."  *United States v. Covington*, 565 F.3d 1336, 1347 (11th Cir. 2009).

The district court did not abuse its discretion in imposing Prince's federal revocation sentence consecutive to his Georgia state sentence.  Prince admitted he violated his terms of supervised release by leaving the judicial district without permission and by committing a new state crime of enticing a child for indecent purposes.  The district court exercised its discretion to run his sentence consecutively because Prince was still subject to an undischarged state sentence at the time he was sentenced on the federal charges and had committed the state crimes while under federal supervision.  Notably, the district court fulfilled its duty to consider the

§ 3553(a) factors because it stated it had considered the circumstances of the offense and the delay in sentencing in its decision to not impose consecutive sentences for both federal supervised-release violations.[2]  18 U.S.C. §§ 3584(a), 3553(a).  It also stated it had considered the § 3553(a) factors in determining a reasonable and sufficient sentence.[3]  18 U.S.C. § 3553(a); *United States v. Gonzalez*, 550 F.3d 1319, 1324 (11th Cir. 2008) (stating the court need not dis-

---

[2] Prince was on two different terms of supervised release when he violated his terms of supervised release.  Prince was on terms of supervised release for one count of armed bank robbery and one count of brandishing a firearm during and in relation to a crime of violence.

[3] The court could have considered an improper § 3553(a)(2)(A) factor in noting it did not believe that "it promotes respect for the law or acts as a deterrent to impose a concurrent sentence for someone who went to prison for a violent crime, gets out of prison and commits another violent crime," as promoting respect for the law is specifically excluded from consideration under § 3583(e) upon revocation of supervised release.  18 U.S.C. § 3583(e); *see also* 18 U.S.C. § 3553(a)(2)(A).  While the district court's emphasis on the "respect for the law" factor was inappropriate because respect for the law is not a proper consideration upon revocation of supervised release, any error in considering § 3553(a)(2)(A) is harmless because the same operative facts were properly considered under § 3553(a)(1)'s sentencing factors of the nature and circumstances of the offense and the history and characteristics of the defendant.  18 U.S.C. § 3553.  Because Prince's commission of new violent conduct shortly after being released from prison for a prior violent offense also related to the proper § 3553(a)(1) factors, there is not a reasonable likelihood that the court's reference to § 3553(a)(2)(A)'s need "to promote respect for the law" affected Prince's substantial rights.  *See United States v. Hawkins*, 905 F.2d 1489, 1493 (11th Cir. 1990) (stating an error is harmless unless "there is a reasonable likelihood that [it] affected the defendant's substantial rights").

cuss each § 3553(a) factor explicitly, and the court's acknowledgment that it has considered the § 3553(a) factors and the defendant's arguments is sufficient).

The district court did not commit a clear error of judgment in choosing to run Prince's federal violation sentence consecutive to his undischarged Georgia state sentence where Prince was on supervised release from a violent crime and committed another violent crime. *See Gomez*, 955 F.3d at 1257 (explaining the district court abuses its discretion if it: "(1) fails to afford consideration to relevant factors that were due significant weight, (2) gives significant weight to an improper or irrelevant factor, or (3) commits a clear error of judgment in considering the proper factors" (quotation marks omitted)). In fact, the district court's decision aligned with the Guidelines policy favoring imposition of consecutive sentences in cases like Prince's, namely, violations of supervised release. U.S.S.G. §§ 7B1.3, comment. (n.4) (2024); U.S.S.G. § 7B1.3(f) (2024); *see Flowers*, 13 F.3d at 397.

Lastly, Prince's sentence is substantively reasonable. *See Covington*, 565 F.3d at 1347. The district court sentenced Prince to 24 months' consecutive imprisonment for his violations, which is at the low end of the Guidelines range. *See United States v. Talley*, 431 F.3d 784, 788 (11th Cir. 2005) (explaining sentences within the Guidelines range are ordinarily reasonable). Also, the court took into account the delay in sentencing that resulted from the court not resolving Prince's federal revocation proceedings prior to his extradition to face his state charges, and noticed that as a matter of

mitigation, it would not run his two separate federal violation sentences consecutive to each other in addition to consecutive to the Georgia state sentence.

The district court did not abuse its discretion in ordering the sentences to run consecutively because, according to the Sentencing Guidelines, any term of imprisonment imposed for a violation of supervised release shall be ordered to be served consecutively to any sentence of imprisonment that the defendant is serving, and the court's choice of a consecutive sentence did not lie outside the range of reasonable sentences dictated by the facts of the case.

**AFFIRMED.**